The UNITED STATES, Plaintiff,

v.

Joseph Robert SIDELKO, Jr., Defendant.

Crim. No. 14140.

United States District Court
M. D. Pennsylvania.

Dec. 28, 1965.

Julius Altman, Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Joseph Serling, Thomas Gibbons, Wilkes-Barre, Pa., for defendant.

NEALON, District Judge.

By stipulation of the parties, defendant, Joseph Robert Sidelko, Jr., was tried by the Court without a jury on a one-count indictment charging him with violating Title 18 U.S.C. § 1461, in that he knowingly caused certain obscene matter to be delivered to him by mail, viz., one 200-foot, 8 millimeter reel of motion picture film. Defendant has conceded, and so stipulated, that the film involved was obscene and, therefore, nonmailable matter by statutory definition.[1] After both sides offered their evidence and rested, the defendant moved for judgment of acquittal on the ground that the statute involved does not apply to the recipient of obscene matter through the mails, but is limited in its application to the sender. This motion is now before the Court for disposition.

Prior to 1958, Title 18 U.S.C. § 1461 provided, in pertinent part:

"Whoever knowingly deposits for mailing or delivery, anything declared by this section to be nonmailable, or knowingly takes the same from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

It will be noted that the offense was confined to the sender, inasmuch as it referred to one who " * * * knowingly *deposits* for mailing or delivery * * * ".

1. Paragraph 1, Section 1461, declares "(e)very obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance * * * " to be nonmailable.

(Emphasis supplied) In 1958, the Statute was amended and paragraph 8 thereof was changed to read:

"Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared by this section to be nonmailable, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, or knowingly takes any such thing from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense, and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

The Government contends that the 1958 amendment expanded the coverage of violators from those who deposited such material in the mails to include those who *use* the mails for the delivery of such material. It is the defendant's position that the 1958 amendment was for the purpose of increasing the forums wherein prosecution could be initiated so that one who deposits nonmailable matters in the mails may be prosecuted not only at the place of deposit, but also at the place of address or delivery.

The legislative history of the 1958 amendment reveals that Congress was disturbed by the ruling in the case of United States v. Ross, et al., 205 F.2d 619 (10th Cir. 1953), which held that under Section 1461 an accused could be prosecuted only at the place of deposit

of such obscene material. Specifically, the Court held:

"We think there is a clear distinction between a deposit for mailing or delivery and the use of the mails. The use of the mails continues from the point of deposit to the point of delivery. Crimes involving the use of the mails are therefore continuing crimes, but the unlawful act defined in § 1461 is the deposit for mailing and not a use of the mails which may follow such deposit. *That act is complete when the deposit is made and is not a continuing act. It does not involve a use of the mails.*" (Emphasis supplied)

When the amendment was originally passed by the House of Representatives (H.R. 6239), it was designed to overcome the effect of the Ross decision [2] so that the crime of sending obscene matter through the mails would be a continuing crime from the point of deposit, in transit, and at the point of delivery, compatible with the provisions of Title 18 U.S.C. § 3237.[3] The Senate amended the House bill so as to make it possible to prosecute violators only at the place at which the objectionable matter was mailed and at the place of address or delivery. The Senate was concerned that under the House bill, "forum shopping" might result if prosecution could be had in any judicial district through which such matter is carried, which, it was feared, would occur under the House bill. At the conference on the disagreeing votes of the two Houses on the amendment of the Senate to H.R. 6239, it was decided to restore the language of section 1461 as approved originally by the House of Representatives. According to the Conference Report, this was done because it appeared that the Senate amendment of the venue provision would destroy the nature of the

2. "The importance of this decision rests in the fact that it is sometimes difficult to obtain a conviction for *the mailing of obscene matter* in certain jurisdictions." (Emphasis supplied) Statement of the Managers on the Part of the House, 1958, U.S.Code Cong. & Adm.News, p. 4016.

3. Title 18 U.S.C. § 3237 provides that any offense involving the use of the mails is a continuing offense and may be prosecuted in any district from, through, or into which such mail moves.

continuing offense and would be contrary to the intent of Congress as expressed by the law in section 3237 of Title 18, United States Code.

Therefore, it appears that the 1958 Amendment was designed to offset the holding of the Ross case to the effect that under section 1461, as then interpreted, *the unlawful act was the deposit for mailing and not a use of the mails which may follow such deposit.* According to the legislative history mentioned herein, Congress amended section 1461 to include "use of the mails" rather than the "deposit" so that one who deposited obscene matter in the mails could be prosecuted not only at the place of deposit, but also in any district from, through, or into which the mail matter moves. The inference appears to be that there was Congressional concern that the purveyors of such obscene matter would choose a so-called "liberal jurisdiction" as the place of origin where such material would be deposited and thereby lessen the possibility of their being convicted while the material would ultimately reach districts where an opposite conclusion probably would be reached. There is nothing in the amendment or its legislative history to indicate that Congress intended to expand the class of offenders to those recipients who order and receive nonmailable materials through the mails for purely private consumption.

I conclude that the statutory language "(w)hoever * * * knowingly causes to be delivered by mail according to the direction thereon * * *" was not intended to apply to persons who order and receive such matter for personal use and consumption. If Congress had intended such coverage it could have been spelled out very easily in appropriate language. That such was not the Congressional intention is demonstrated by the fact that the statute does make special reference to those who take nonmailable matter from the mails, but only where it is taken for the purpose of circulating or otherwise disposing of it. To interpret the amendment to Section 1461 as providing that it is a federal crime for any member of the general public to order and receive nonmailable matter, even though it is intended solely for personal use and consumption, would open up a new and vast expanse for federal prosecutions. It may very well be that such a giant step would be in the right direction and would aid greatly in stamping out such a nefarious and reprehensible trade. However, this is a legislative and not a judicial function. Federal Courts should be wary of expanding the potential limits of statutory crimes unless Congress clearly manifests an intention to do so. Defendant's motion for judgment of acquittal will be granted.