**UNITED STATES of America**

**v.**

**Arnold Bruce LEVY et al.**

**Crim. No. 12876.**

United States District Court,
D. Connecticut.

July 21, 1971.

Stewart H. Jones, U. S. Atty., Leslie Byelas, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

John Arcudi, Bridgeport, Conn., for defendants.

RULING ON DEFENDANTS' MOTION
TO DISMISS

ZAMPANO, District Judge.

The defendants, having moved to dismiss the indictment charging them in

15 counts with mailing obscene books and advertisements in violation of 18 U.S.C. § 1461; and

The Court having heard the arguments of counsel, having considered all the moving papers, briefs and exhibits; and

The Court being of the opinion that the motion should be denied for the reasons that:

 1) It is doubtful that the defendants are entitled to a pretrial judicial determination of the obscenity issue. See United States v. Lethe, 312 F. Supp. 421, 422 (E.D.Cal.1970). But even if such inquiry were made, and the Court found that in some contexts the materials were not obscene, the motion to dismiss must be denied because the government has indicated it will proceed on a pandering theory at trial. See Ginzburg v. United States, 383 U.S. 463, 475–476, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). Since pandering is only a relevant factor, and not an essential element of the crimes charged, it need not be alleged specifically in the indictment;

2) The statute is neither overbroad or vague, Roth v. United States, 354 U.S. 476, 492, 77 S.Ct. 1304, 1 L.Ed. 2d 1498 (1957), nor unconstitutional in the light of the principles established in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). See United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971);

3) The fourth paragraph of § 1461, concerning advertisements which are unmailable, includes "books" as well as "articles or things." The provision in question expressly refers to "such mentioned matters" which obviously in turn relate to items mentioned in the first three paragraphs of § 1461, wherein books are clearly covered. See also 1955 U.S.Code Cong. and Admin.News, p. 2210.

4) Venue properly lies in Connecticut. Section 1461, as amended in 1958, places venue for obscenity prosecution within 18 U.S.C. § 3237, which authorizes prosecution "in any district from, through, or into which commerce or mail matter moves." See Reed Enterprises v. Clark, 278 F.Supp. 372, 374–376 (D.D.C.1967), aff'd 390 U.S. 457, 88 S. Ct. 1196, 20 L.Ed.2d 28 (1968) (per curiam). The indictment alleges that the materials were received in Connecticut; therefore, prosecution may be brought in this state.

It is therefore

Ordered that the defendants' motion to dismiss be and the same hereby is denied.