**UNITED STATES of America**

v.

**David M. TREATMAN and Gary R. Treatman, d/b/a Erik Imports.**

**Crim. A. No. 75–28.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Aug. 20, 1975.

Donald E. Walter, U. S. Atty., J. Ransdell Keene, Asst. U. S. Atty., Shreveport, La., for plaintiff.

Joseph Taback, Beverly Hills, Cal., for defendants.

NAUMAN S. SCOTT, District Judge:

The Court has before it defendants' motion to dismiss the indictment against them for violation of 18 U.S.C. § 1461, use of the mails to transport obscene matter. The indictment was returned on January 24, 1975, charging two counts of mailing obscene advertisements and one count of mailing obscene material into Winnsboro and Lecompte, Louisiana, both in the Western District of Louisiana.

Defendants raise seven points in arguing for dismissal:

1) That the grand jury which returned the indictment was erroneously

instructed as to the standards for testing obscenity;

2) That Counts 1 and 2, charging mailing of obscene advertisements, failed to state an offense under 18 U.S.C. § 1461, as obscene advertising is governed exclusively by 18 U.S.C. §§ 1735, 1737 and 39 U.S.C. §§ 3010, 3011;

3) That 18 U.S.C. § 1461, as applied to this case, allows impermissible forum shopping by federal prosecutors;

4) That the indictment fails to fairly inform defendants of the charges against them;

5) That 18 U.S.C. § 1461 is unconstitutionally vague in that it fails to provide fair notice as to what was prohibited at the time of the mailings alleged in the indictment;

6) That the advertisements and materials referred to in the indictment were protected by the First Amendment;

7) That since the Louisiana Supreme Court has declared Louisiana's Obscenity Statute unconstitutional, there is no appropriate "community standard" under which defendants may be prosecuted in a federal court sitting in Louisiana.

### 1.

Defendants contend that the Grand Jury which returned the indictment was instructed to apply the standards set forth in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), in testing the obscenity of the materials under scrutiny. The argument is that the *Miller* criteria had not been applied to federal prosecutions until *Hamling et al. v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Since the last mailing alleged in the indictment took place prior to the *Hamling* decision, defendants assert that the proper standard for judging the materials should be that announced in *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), the controlling authority prior to *Miller.*

■ At the outset, we notice that defendants' assertion as to the instructions

received by the Grand Jury are unsupported by any facts. They are merely allegations. Nevertheless, even had the Grand Jury been instructed to apply the *Miller* standards, that instruction would have been correct.

*Hamling* involved a prosecution under 18 U.S.C. § 1461, the same statute allegedly violated in the instant case. In *Hamling,* the Court quoted from *United States v. 12 200-foot Reels of Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), a federal obscenity case decided with *Miller:*

> "We have today arrived at standards for testing the constitutionality of state legislation regulating obscenity. *See Miller v. California* . . . These standards are applicable to federal legislation." 413 U.S. 123, 129, 93 S.Ct. 2665, 2670, 37 L.Ed.2d 500, 507.

Thus, *Hamling* made it clear that *12 200-Foot Reels* had already applied the *Miller* standards to federal prosecutions. *Hamling* merely supported that earlier decision. We note that *United States v. Orito,* 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973), also decided the same day as *Miller,* lends support to our finding. That case involved a prosecution under 18 U.S.C. § 1462, which prohibits transporting of obscene material in interstate commerce. The district court dismissed the indictment on grounds not alleged here. The Supreme Court vacated the judgment of dismissal and remanded the case back to the district court for "reconsideration of the sufficiency of the indictment in the light of *Miller v. California,* . . . (and) *United States v. 12 200-Ft. Reels* . . . .".

From the foregoing, it is clear that the *Miller* standards had been applied to federal prosecutions prior to *Hamling.* Since the offenses charged occurred subsequent to *Miller,* the Grand Jury would have been properly instructed had they been given the *Miller* standards.

### 2.

Defendants assert that Counts I and II, charging the mailing of obscene advertisements, failed to state offenses under 18 U.S.C. § 1461, because obscene advertisements are governed exclusively by 18 U.S.C. §§ 1735, 1737 and 39 U.S.C. §§ 3010, 3011. 39 U.S.C. 3010 requires a person who mails or causes to be mailed any sexually oriented advertisement to mark the envelope as containing such and place his name on the envelope, and that people who desire not to receive such matter may place their names on a list maintained by the post office; 39 U.S.C. § 3011 provides a civil remedy for violation of 39 U.S.C. § 3010; 18 U.S.C. § 1735 provides a criminal penalty for violation of 39 U.S.C. § 3010; and 18 U.S.C. § 1737 provides a similar criminal penalty for printing or manufacturing any sexually related mail matter knowing it will be mailed in violation of 39 U.S.C. § 3010.

In *Pent-R Books, Inc. v. United States Postal Service*, 328 F.Supp. 297 (E.D.N. Y.1971) the three-judge district court considered attacks on the constitutionality of these statutes (collectively referred to as "the Goldwater Amendments). In upholding the constitutionality of the statutes, the court noted they impose two duties on mailers of "sexually oriented advertisements"; to refrain from mailing such materials to people who have asked their names be placed on the list maintained by the United States Postal Service, and to mark any such material which is mailed in the manner prescribed by the Postal Service. Thus, the extent of these statutes is limited to violations of these specific provisions. This is not the same as the offense proscribed by 18 U.S.C. § 1461, i. e. knowingly using the mail to deliver certain prohibited matter, declared by the statute to be obscene. The statutes prohibit different types of activity, require different elements of proof, and are not mutually exclusive.

Further, in *Hamling v. United States, supra,* the Supreme Court affirmed a conviction under 18 U.S.C. § 1461 on charges of mailing both obscene materials and obscene advertisements. This decision was announced by the court in 1974, some three years after the effective date of the "Goldwater Amendments". Thus, the Supreme Court has sanctioned prosecutions under 18 U.S.C. § 1461 for mailing of obscene advertisements. In light of the foregoing, we find defendants' argument in this regard is without merit.

### 3.

Defendants also allege that the government engaged in impermissible forum shopping by bringing the charges in the Western District of Louisiana. In 1958, Congress amended 18 U.S.C. § 1461 from "whoever knowingly *deposits* for mailing . . ." to "whoever knowingly *uses* the mail . . ." (emphasis added). The purpose of this change was to make the violation a continuing offense and thus subject to prosecution in any judicial district from, to or through which obscene matter passes. *Reed v. Clark,* 278 F.Supp. 372 (D.C. 1967), *aff'd* 390 U.S. 457, 88 S.Ct. 1196, 20 L.Ed.2d 28 (1968). This change in the venue provisions has been upheld as constitutionally permissible by a number of courts. *United States v. Levy,* 331 F.Supp. 712 (D.C.Conn.1971); *Reed v. Clark, supra; United States v. Sidelko,* 248 F.Supp. 813 (M.D.Pa.1965). Thus, since the materials here were mailed into the Western District of Louisiana, venue in this district is proper.

In *Hamling v. United States, supra,* venue was not directly at issue. Nevertheless, we read certain language in Hamling as bearing on the issue of forum shopping:

"The fact that distributors of allegedly obscene materials may be subjected to varying community standards in the various federal judicial districts into which they transmit the materials *does not render a federal statute unconstitutional because of the failure of uniform national standards of obsceni-*

ty. Those same distributors may be subjected to such varying degrees of criminal liability in prosecutions by the State for violations of state obscenity statutes . . . ." 418 U.S. at 106, 94 S.Ct. at 2902, 41 L.Ed.2d at 614.

Here, the materials were mailed into the Western District of Louisiana. The harm, if any, was visited upon residents here. We find the defendants' assertion of impermissible forum shopping by the federal prosecutors to be without merit.

4.

The defendants further assert that since the indictment is in statutory form only, it fails to fairly inform them of the charges against them.

Rule 7(c), Federal Rules of Criminal Procedure, governs the nature and contents of an indictment. It must be a "plain, concise and definite written statement of the essential facts constituting the offense charged". In *Hamling v. United States, supra,* the Supreme Court addressed a similar argument against the indictment there:

"Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, 'second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." (Citations omitted).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' Cites omitted. 'Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circum-

stances as will inform the accused of the specific offense, coming under the general description, with which he is charged.' Cites omitted." 418 U.S. at 117, 94 S.Ct. at 2907, 41 L.Ed.2d at 620, 621. See also *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *James v. United States,* 416 F.2d 467 (5th Cir. 1969).

The indictment here is framed in terms of the statute. It charges the defendants with having knowingly used the mails, on specific dates, for the carriage of obscene matter, sent to specific addresses. We find the indictment sufficient to inform the defendants of the charge against which they must defend, and to allow them to plead an acquittal or conviction in bar of future prosecutions for the same offense.

5.

The defendants assert that 18 U.S.C. § 1461 is unconstitutionally vague because it fails to provide fair notice as to what was prohibited at the time of the mailings alleged in the indictment. They argued that the statute lacked specificity prior to the limiting construction in *Hamling v. United States, supra.*

We have answered this assertion in part in our discussion under the first section above. *Hamling* did not enunciate a new standard for federal obscenity prosecutions, but merely reaffirmed the earlier application of these standards to federal prosecutions in *12 200-foot Reels* and *United States v. Orito, supras.*

Moreover, as the *Hamling* court noted, 18 U.S.C. § 1461 had been authoritatively construed in a manner consistent with *Miller v. California, supra,* prior to the decision in that case. See *Hamling,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d at 617. Thus, even though the *Miller* decision set forth new standards for testing obscenity, the court noted that the construction of 18 U.S.C. § 1461 prior to *Miller* was sufficiently definite to withstand an attack of vagueness.

We quote further from the *Hamling* decision:

"18 U.S.C. § 1461 had been held invulnerable to a challenge on the ground of unconstitutional vagueness in Roth (*Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); the language of Roth was repeated in Miller, along with a description of the types of material which could constitutionally be proscribed and the adjuration that such statutory proscriptions be made explicit either by their own language or by judicial construction; and *United States v. 12 200-foot Reels of Film*, *supra* made clear our willingness to construe federal statutes dealing with obscenity to be limited to material such as that described in Miller." 418 U.S. 115, 94 S.Ct. 2906, 41 L.Ed.2d 619.

"Judged by both the judicial construction of § 1461 prior to Miller and by the construction of that section which we adopt today in the light of Miller, petitioners' claims of vagueness and lack of fair notice as to the proscription of the material which they were distributing must fail." 418 U.S. 116, 94 S.Ct. 2907, 41 L.Ed.2d 619.

Thus, we find that the statute, as construed at the time of the offenses charged, was not unconstitutionally vague.

### 6.

■ The defendants next assert that the indictment must be dismissed because the materials to which it refers were protected by the First Amendment's guarantees of free speech and free press. They argue, again, that the standards applicable at the time of the offense charged were those in *Memoirs v. Massachusetts*, *supra*, and that under that test the government could not prove the obscenity of the materials charged.

As we have noted above, the *Memoirs* test was not the standard applicable at the time that these materials were mailed. Nevertheless, in *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957), the Supreme Court

held that 18 U.S.C. § 1461 did not offend the free speech and free press guarantees of the First Amendment. This holding was reaffirmed in *United States v. Reidel*, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971).

### 7.

■ Finally, the defendants argue that the indictment against them in the Western District of Louisiana is invalid because the Louisiana Supreme Court has declared its obscenity statute unconstitutional, and that there therefore exist no "community standards" by which defendants may be judged in the present case, as required by *Miller v. California*, *supra*, and *Hamling v. United States*, *supra*.

In *Miller v. California*, *supra*, the Supreme Court set out certain standards for judging obscene matter. The test was said to be whether the "average person, applying contemporary community standards" would find the work, taken as a whole, appeals to the prurient interest, depicts sexual conduct in a patently offensive way, and lacks serious artistic, literary, political or scientific value. In *Hamling v. United States*, *supra*, the Supreme Court noted that these same standards are applicable to prosecution under the federal obscenity statutes, specifically 18 U.S.C. § 1461. In *Hamling* which originated in California, there was a valid state obscenity statute. This, however, was not the basis for the court's decision. Indeed, the court pointed out in that case that, since it was tried in the Southern District of California, and presumably jurors from throughout that district were available to serve on the jury, it would be the standards of that "community" upon which the jurors would draw in reaching their verdict. After reciting the *Miller* holding that a uniform national standard was no longer the test, the court noted that the *Miller* court in so doing did not require as a constitutional matter the substitution of some smaller geographic area into the same sort of for-

mula. "Our holding in *Miller* that California could constitutionally proscribe obscenity in terms of a 'statewide' standard did not mean that any such geographic area is required as a matter of constitutional law." 418 U.S. at 105, 94 S.Ct. at 2901, 41 L.Ed.2d at 613.

Thus, the fact that the Louisiana Supreme Court has declared its obscenity statute unconstitutional, *State of Louisiana v. Shreveport News Agency, Inc.*, 287 So.2d 464 (La.1974), has no bearing on this prosecution under 18 U.S.C. § 1461. See also *United States v. Hill*, 500 F.2d 733 (5th Cir. 1974).

Finding no merit in the arguments put forth by defendants, we hereby deny their motion to dismiss the indictment.