Wachtler, J. (concurring).
We agree with the majority that the parallels between the elements of the Federal felonies at issue in this case are so similar to their New York State analogues that automatic disbarment is an appropriate result under our Judiciary Law. But in so doing, we assume that the majority did not intend to imply that all felony convictions in Federal courts would necessarily dictate the same result.
There may well be instances where certain felony convictions in Federal courts should not be considered of sufficient gravity to automatically rebut the presumption of integrity underlying an attorney’s license to practice law in this State. For example, where a Federal court applies "community standards” (see Miller v California, 413 US 15; Roth v United States, 354 US 476), an attorney would be subject to a Federal felony conviction for conduct that would not be considered felonious in New York (cf. Smith v United States, 431 US 291). Under current Federal obscenity legislation, an individual using the mails to distribute or transmit even a single item within a wide range of "nonmailable” materials may be prosecuted in a Federal district court sitting in the district where the material was delivered (US Code, tit 18, § 1461; see, e.g., United States v Treatman, 399 F Supp 258). He may then be convicted of a Federal felony under whatever standard of vulgarity may be current in that community (see, e.g., Iowa Code, ch 725, §§ 725.1-725.10), however divergent from thresholds of offensiveness to which New Yorkers may have become accustomed (see United States v Slepicoff, 524 F2d 1244).
In such an instance, a more qualitative evaluation of the particular conduct involved in the offense would still be appropriate (see Matter of Levy, 37 NY2d 279).
Chief Judge Breitel and Judges Jasen and Gabrielli concur with Judge Jones; Judge Wachtler concurs in a separate opinion in which Judges Fuchsberg and Cooke concur.
Order reversed, without costs, and the matter remitted to the Appellate Division, First Department, for entry of an order in accordance with the opinion herein.