**UNITED STATES of America, Appellee,**

v.

**Alfred R. KUENNEN, Appellant.**

**No. 89–1229.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided April 9, 1990.

Rehearing and Rehearing En Banc Denied May 25, 1990.

Roger M. Hibbits, Clayton, Mo., for appellant.

James G. Martin, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Alfred R. Kuennen was convicted of violating 18 U.S.C. § 1461 (1988), by causing obscene material to be sent to himself through the United States mail. On appeal, he makes thirteen arguments in support of reversal. In sum, he contends that: (1) United States Customs officials broke the necessary causal chain and defeated venue in the Eastern District of Missouri when they intercepted the obscene material in Chicago, Illinois; (2) as applied to him, 18 U.S.C. § 1461 violates both the establishment clause of the First Amendment to the United States Constitution and his constitutional right to privacy; (3) the district court erroneously admitted prejudicial evidence; and (4) the district court instructed the jury incorrectly. We affirm the judgment of the district court.[1]

Kuennen ordered a magazine, containing pictures of sexual activities between young boys, from the Scandinavian Direct Mail Company in Denmark. A United States Customs Service employee in Chicago recognized the name of the company on the envelope and suspected that the package contained obscene materials. After opening the package upon its seizure in June of 1984, the Customs employee sent the material by registered mail to the United States Customs office in St. Louis, Missouri. (Tr. I 27–29, 67, 134–35). A Customs Agent in St. Louis made arrangements with the postal department for the package to be delivered to Kuennen's post office box, and the Agent waited on several occasions for Kuennen to pick up his mail. The Agent was present when Kuennen finally took the package from the post office box on March 20, 1985. After Kuennen picked up the envelope, the Agent identified himself and read Kuennen a warning based upon *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Kuennen then handed the package to the Agent, admitted that he had ordered it, and consented to a search of his residence in Franklin County, Missouri. In Kuennen's residence, Customs Agents discovered several pornographic items as well as order forms for pornographic material. After being reminded of his *Miranda* rights, Kuennen acknowledged ordering the pornographic material that the Agents had discovered.

## I.

Kuennen makes a number of arguments concerning the seizure of the package and its delayed delivery. Kuennen notes that he was convicted of knowingly causing obscene items to be delivered by mail on or about March 20, 1985. He argues that both the seizure of the package by Customs officials in Chicago in June 1984 and the lengthy delay before the item was delivered broke any chain of causation, produced an impermissible variance between the charge and proof, and defeated venue in the Eastern District of Missouri.

■ The parties agree that the package was intercepted by Customs officials before it entered the United States mail. Later, a Customs Agent in another state placed the package into the United States mail. Kuennen's strongest argument is that the Customs Service, not he, caused

the material to be delivered through the mail.[2]  Neither party has cited any cases discussing this question.  The Supreme Court, however, has held in a related context that when "one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." *Pereira v. United States*, 347 U.S. 1, 8–9, 74 S.Ct. 358, 363, 98 L.Ed. 435 (1954).  The record indicates that Kuennen admitted ordering the article and that it was addressed to his post office box.  Given those facts, it was clear that, if the package had not been intercepted, the use of the mails would have followed "in the ordinary course of business" and that such use could reasonably have been foreseen.  Therefore, we hold that he did cause the mails to be used to deliver the package.  Moreover, we believe that the delay between the interception of the package and its delivery is not relevant to the question of causation.  We also note that similar deliveries have supported convictions in *United States v. Garot*, 801 F.2d 1241 (10th Cir.1986), and *United States v. Hurt*, 795 F.2d 765 (9th Cir. 1986), both of which involved material that the United States Customs offices seized in one state and forwarded to the ultimate state of delivery; but in neither case was the method of delivery challenged.  Our resolution of this question disposes of Kuennen's argument that there was an impermissible variance between the charge and proof.

Kuennen's venue argument is frivolous, because 18 U.S.C. § 3237 (1988) provides that "[a]ny offense involving the use of the mails ... is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such ... mail matter ... moves."  *See United States v.*

*Thomas*, 613 F.2d 787, 792 (10th Cir.), *cert. denied*, 449 U.S. 888, 101 S.Ct. 245, 66 L.Ed.2d 114 (1980).  Kuennen's argument that the delay caused the statute of limitations to expire is also frivolous.  *See* 18 U.S.C. § 3282 (1988) (providing a five-year limitation on non-capital criminal actions).

## II.

■ Kuennen also argues that section 1461, as applied to his conduct, violates both the establishment clause of the First Amendment and his right to privacy.  His establishment clause argument consists of only a bald assertion that the establishment clause has been violated.  On the record before us, that contention is patently untenable.  The privacy argument can also be dealt with summarily.  The Supreme Court has repeatedly held that there exists no constitutional right to transmit obscene material.  *See Sable Communications v. FCC*, —— U.S. ——, 109 S.Ct. 2829, 2835, 106 L.Ed.2d 93 (1989); *United States v. Orito*, 413 U.S. 139, 140–43, 93 S.Ct. 2674, 2676–77, 37 L.Ed.2d 513 (1973); *United States v. 12 200–Ft. Reels of Super 8mm. Film*, 413 U.S. 123, 126–30, 93 S.Ct. 2665, 2667–70, 37 L.Ed.2d 500 (1973); *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 57–70, 93 S.Ct. 2628, 2635–42, 37 L.Ed.2d 446 (1973); *United States v. Thirty–Seven Photographs*, 402 U.S. 363, 375–77, 91 S.Ct. 1400, 1407–08, 28 L.Ed.2d 822 (1971); *United States v. Reidel*, 402 U.S. 351, 354–56, 91 S.Ct. 1410, 1411–12, 28 L.Ed.2d 813 (1971).  Although many of these cases considered claims based upon *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), and Kuennen relies upon *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), we believe that the Court has indicated its unwillingness to interpret *Roe* and *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), as granting a right to transfer obscene material.  *See Orito*, 413 U.S. at

---

**2.**  The Sixth and Ninth Circuits have held that section 1461 applies to recipients, as well as to senders, of obscene material.  *See United States v. Johnson*, 855 F.2d 299, 305–07 (6th Cir.1988); *United States v. Hurt*, 795 F.2d 765, 769–70 (9th Cir.1986), *modified in part not relevant here*, 808

F.2d 707 (9th Cir.), *cert. denied*, 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987).  *But see Johnson*, 855 F.2d at 307–11 (Merritt, J., dissenting); *United States v. Sidelko*, 248 F.Supp. 813, 815 (M.D. Pa.1965).

140–43, 93 S.Ct. at 2676–77; *Paris Adult Theatre*, 413 U.S. at 65–66, 93 S.Ct. at 2639.

## III.

At trial, Kuennen objected to the introduction of mail order forms and advertisements for pornography, receipts for registered mail, and pornographic items found during the search of his residence. His objection that the items were irrelevant because they were not received until 1985 is rejected based on our earlier discussion. Those items were admissible to prove *scienter, Garot,* 801 F.2d at 1247, but Kuennen contends that their "probative value is substantially outweighed by the danger of unfair prejudice," Fed.R.Evid. 403. We review this question of admissibility only for abuse of discretion, *Jones v. Board of Police Comm'rs,* 844 F.2d 500, 505 (8th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989), and we are satisfied that the district court, which excluded a number of items, acted well within its discretion.

## IV.

Finally, Kuennen claims that the district court should have added a "tail" to Instruction 11 [3] directing the jury to refer back to Instruction 9–1.[4] Keeping in mind the wide discretion district courts possess when formulating jury instructions, *United States v. Walker,* 817 F.2d 461, 463 (8th Cir.), *cert. denied,* 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987), and the fact that we must consider the instructions as a whole, *United States v. Casperson,* 773 F.2d 216, 223 (8th Cir.1985), we conclude that the district court acted well within its discretionary powers.

## V.

Kuennen asserts numerous other claims of error and all are without merit. We affirm the judgment of the district court.

---

**3.** Instruction No. 11 reads as follows:

> In order to prove a violation of this section, the government must prove the following elements beyond a reasonable doubt:
>
> First, that the defendant knowingly and willfully used or caused the use of the mails for the conveyance or delivery of certain articles as charged;
>
> Second, that the defendant knew at the time of such mailing the general nature of the content of the matter so mailed;
>
> Third, that the matter so mailed was obscene as hereafter defined.

(Appellant's Addendum at 17).

**4.** Instruction No. 9–1 provides:

> I am sending a copy of the indictment in with you. An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused. You will note the indictment charges that the offense was committed "on or about" certain dates. The proof need not establish with certainty the exact dates of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged.

(Appellant's Addendum at 16).