UNITED STATES of America, Appellee,

v.

Clyde HALL, Appellant.

No. 78–1531.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1978.
Decided Dec. 8, 1978.

**614**

Ellen F. Watkins, Fredman, Watkins, Fredman & Kopf, St. Louis, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant-defendant Clyde Hall appeals from a jury verdict finding him guilty of distribution of heroin on January 23, 1978, in violation of 21 U.S.C. § 841(a)(1).[1] Hall contends that the district court[2] erred (1) by failing to ask all voir dire questions requested; (2) by allowing evidence of prior convictions to be introduced; and (3) by entering judgment on the verdict when there was not sufficient evidence to support the verdict. We find no error and thus affirm the district court.

Hall's first contention is that the district court erred by refusing to inquire as to (1) whether the prospective jurors understood and could correctly apply the standard of proof required of the government and (2) whether the prospective jurors were aware of the presumption of innocence and could maintain that presumption until they began their deliberation.

---

1. Hall was sentenced to eight years imprisonment with a mandatory minimum three-year special parole.

2. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

■ A trial court has broad discretion to conduct the voir dire as necessary. *United States v. Cosby*, 529 F.2d 143 (8th Cir.), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976). Here the trial court sufficiently voir dired the jurors as to their capacity to try the case without bias or prejudice; to follow the court's instructions as to the law, specifically including the government's burden of proof to establish guilt beyond a reasonable doubt; and to follow the court's instructions to keep an open mind until they entered the jury room and began deliberations.

The trial court additionally instructed the jury in special preliminary instructions to keep an open mind until the case was submitted to it for deliberation.

■ Furthermore, the court also instructed the jury on the government's burden and the defendant's presumption of innocence in the final instructions to the jury. Thus we find no prejudice resulted to the defendant inasmuch as the substance of the requested instructions was communicated to the jurors.

■ Hall's second contention is that the trial court erred by allowing the government to use two prior felony convictions of the defendant's for impeachment purposes.[3] The convictions in question were for distribution and possession of heroin, committed in March and September of 1977. Hall received a suspended sentence for the convictions.[4]

■ Hall argues that even if the evidence was admissible within the trial court's discretion under Fed.R.Evid. 609(a), Fed.R.Evid. 403 should have precluded the admission because of the highly prejudicial effect the evidence had against him. This determination is within the discretion of the trial court. *See United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 183 (1977).

In this case great care was taken by the trial court on voir dire to inquire into possible prejudices of the potential jurors as to the crime charged as well as to a witness-defendant who testified, admitting to a prior felony conviction. In addition, the trial court properly instructed the jury that prior convictions could only be considered insofar as they affected the credibility of the defendant as a witness. Fed.R.Evid. 609(a). The court also cautioned the jury that it could not consider evidence of earlier offenses of a similar nature in determining whether the defendant did the act charged in the indictment. The court instructed that the jury must first find beyond a reasonable doubt from the other evidence in the case that the defendant did the act charged and then it could consider the evidence of the earlier similar offenses for the purpose of determining defendant's state of mind or intent. Fed.R.Evid. 404(b).

■ We find no abuse of discretion by the trial court in allowing the felony convictions to be introduced by the government. *United States v. Maetas*, 554 F.2d 834 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977).

■ Hall's third contention is that there was not sufficient evidence to support the verdict. The government's primary evidence was the testimony of a special agent for the Drug Enforcement Administration. The agent testified to Hall's involvement in the heroin transaction. Hall's primary defense was a denial of his participation. Thus the issue was one of credibility for the jury to decide. We have examined the record and conclude that there is ample evidence to support the verdict.

We affirm the district court.

---

3. Prior to trial the government advised the defendant of its intentions to use the two felony conviction for impeachment if the defendant testified. The court overruled the motion to suppress the evidence and the defendant took the stand. The government then introduced the felony convictions on cross-examination of the defendant.

4. Use of convictions for which suspended sentences were received is permissible for impeachment purposes. *United States v. Collins*, 552 F.2d 243, 247 (8th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).