PER CURIAM.
Burton J. Lewis appeals from his conviction for knowingly and fraudulently making a false statement on his bankruptcy petition in violation of 18 U.S.C. § 152 (Supp. IV 1980). Lewis contends that the district court[1] erred in refusing to submit his requested “theory of defense” instruction to the jury. We affirm the district court.
*884 1. Background.
Burton Lewis filed for a Chapter VII personal bankruptcy on April 6, 1981. On his bankruptcy petition, Lewis denied having made any gifts other than ordinary and usual presents to family members during the year immediately preceding the filing of his petition. However, after examining Lewis’ personal records and assets in his possession, the trustee in bankruptcy discovered that Lewis had, in fact, made several substantial transfers of property to his daughters during the year. The trustee notified the U.S. Attorney of the unreported transactions, and Lewis was indicted on one count of bankruptcy fraud in violation of 18 U.S.C. § 152.[2]
Specifically, Lewis was charged with failing to disclose the transfer of approximately $5,312 in cash to his daughter Leslie. Lewis acknowledged at trial that he had given the money to Leslie in February of 1981, to pay for ten thousand shares of Plano Petroleum stock which he had ordered for her. He also admitted making other transfers to his daughters during the year, none of which were reported on his bankruptcy petition.[3] Lewis claimed that the transferred property was intended to provide for his daughters’ future educational expenses. His position was essentially that it had been his practice to help pay for his children’s education, so he did not consider the transfers in question to be extraordinary or unusual. Therefore, when he denied making “gifts other than ordinary and usual presents” in response to a question on the petition, his answer was truthful, at least as he understood the question.
Lewis asked the court to submit an instruction to the jury that outlined his defense theory. In pertinent part, the proposed instruction provided as follows:
The Government has alleged that by not mentioning that he had given shares of Plano Petroleum to his daughter, the accused knowingly and fraudulently made a false statement in responding to this question: “Have you made any gifts, other than ordinary and usual presents to family members ... during the past year?”
You are instructed that if you find this question ambiguous, and that, under one construction of the question, the accused was truthful, but that under another construction, his answer was untrue, then you should acquit him, unless you find, beyond a reasonable doubt, that the accused understood that question to refer to such a transaction as the one involving the gift of the Plano Petroleum stock to his daughter, and, by answering “No” to the question, knowingly and fraudulently meant to deceive the court. That is, if the language of the question was ambiguous or subject to interpretation, and the Defendant truthfully answered the question according to his interpretation of the question under the circumstances presented, then such answer would not be false.
The district court conceded for the record that the requested instruction correctly stated the law. The court nevertheless denied Lewis’ request on the grounds that the instructions the court planned to give already covered the defense theory and adequately apprised the jury of the Government’s burden.
The jury found Burton Lewis guilty. The court sentenced him to three years’ *885 imprisonment, but suspended two and one-half years of his sentence. This appeal followed.
II. Discussion.
Lewis’ single contention on appeal is that the district court erred in refusing to give his requested instruction. He claims that the charge given by the court was inadequate because it did not precisely and specifically focus the jury’s attention on his defense theory, so the jury could consider all the evidence in that light.
It is well-established that a defendant in a criminal case is entitled to a “theory of defense” instruction if a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law. See, e.g., United States v. Richmond, 700 F.2d 1183, 1195-96 (8th Cir.1983); United States v. Manning, 618 F.2d 45, 47-48 (8th Cir.1980); United States v. Brake, 596 F.2d 337, 339 (8th Cir.1979). It is equally well-established, however, that a defendant is not entitled to a particularly-worded instruction when the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction. See, e.g., United States v. Richmond, supra, 700 F.2d at 1196; United States v. Shigemura, 682 F.2d 699, 704 (8th Cir.1982), cert. denied, - U.S. -, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983); United States v. Brown, 540 F.2d 364, 380 (8th Cir.1976). Moreover, the adequacy of a court’s instructions is determined by considering the instructions as a whole. United States v. Brake, supra, 596 F.2d at 339; United States v. Nance, 502 F.2d 615, 619-20 (8th Cir.1974), cert. denied, 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).
The charge to the jury in the present case fairly stated the applicable law. The court instructed the jury that the Government was required to prove beyond a reasonable doubt that Lewis had knowingly and fraudulently made a false statement of material fact on his bankruptcy petition. The court also instructed the jury that the crime charged required proof that Lewis acted with specific intent, that is, that he
knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.
An act or failure to act is “knowingly” done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.
The court further instructed the jury that the Government had to prove that Lewis acted willfully with intent to deceive or cheat.
We conclude the trial court’s instructions, taken as a whole, adequately covered the substance of Lewis’ defense theory, and gave defense counsel the opportunity to make a fair and adequate argument on the basis of that theory.
A trial court does have some discretion in framing instructions. See, e.g., United States v. Richmond, supra, 700 F.2d at 1196. The record discloses no abuse of discretion here. Accordingly, we affirm the district court.

. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

. 18 U.S.C. § 152 provides:
Whoever knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any case under title 11, any property belonging to the estate of a debtor; or
Whoever knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11; * * *
Shall be fined not more than $5,000 or imprisoned not more than five years, or both.

. Lewis acknowledged that he had (1) sold his pawn shop business on July 24, 1980, under a contract which required the buyers to pay the purchase price in monthly installments directly to his daughter Belinda; (2) deeded a house to Belinda on August 13, 1980; (3) purchased $4,300 worth of stock for Belinda on January 16, 1981; and (4) paid $1,000 earnest money on March 26, 1981, toward the purchase of a house for his daughters’ use.