**UNITED STATES of America, Appellee,**

v.

**James LISKO, Appellant.**

**No. 84–1481.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Nov. 13, 1984.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Henry Allen, Little Rock, Ark., for appellant.

D. Brent Bumpers, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

The appellant, James Lisko, was indicted on seven counts of disposing of property mortgaged to the Farmers Home Administration (FmHA) with intent to defraud the agency in violation of 18 U.S.C. § 658. After a trial by jury the appellant was convicted on six of the seven counts, and was sentenced by the district court[1] to six months imprisonment with a three year probation period to follow. This appeal followed.

## I. FACTS

On March 26, 1980, FmHA obtained a lien on certain crops of James Lisko. Between December 23, 1980, and July 30, 1982, Lisko disposed of mortgaged grain upon which the FmHA had liens on seven occasions. On November 12, 1982, the appellant paid his indebtedness to the FmHA by submitting 26 checks drawn on the account of Riceland Foods, payable to the appellant and FmHA, and one $10,000 check drawn on the appellant's bank ac-

---

1. The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

count. Subsequently Lisko was indicted and convicted of disposing of mortgaged property with intent to defraud the FmHA.

## II. ISSUES

There are three issues presented by this appeal: 1) whether the district court erred in admitting evidence related to the appellant's banking practices after the date the loan was repaid, and in referring to an FDIC lawsuit against the appellant; 2) whether the district court erred in refusing to give the appellant's proffered position instruction; and 3) whether the court erred in failing to grant a new trial in light of newly discovered evidence.

## III. DISCUSSION

### A. Admission of Banking Practices and FDIC Evidence

The appellant did not deny disposing of the crops in question. His primary defense was that he did not intend to defraud the FmHA; rather, he relied on assurances given by Jerry Sparks, vice president of Prairie County Bank, that the loans had been, or would be, paid by the bank. Lisko concedes that his dealings with the bank between December 1980, and November 12, 1982—the date the loan was paid in full—were relevant to the issue of intent to defraud FmHA, but claims that any reference to transactions which took place after November 12, 1982, was irrelevant and prejudicial. Lisko also challenges the relevancy of an FDIC lawsuit filed against him after the bank closed in March of 1983, to recover overdrafts honored by the bank. Lisko had written over 600 checks that were honored by the bank even though the funds in his account were insufficient to cover the drafts.

Before trial appellant's counsel made an oral motion *in limine* to keep the evidence described above from being referred to at trial. The government contended that they needed to establish the nature of Lisko's banking practices in order to show that those practices belied his defense of having

relied upon the banker to pay the loans. The government's position was that if Lisko intended to pay the loans he simply would have written a check and the bank would have honored it, even if the funds in his account were insufficient to cover the check.

The district court denied the motion stating:

> Whatever the circumstances were I'm going to let it be shown. * * * I'm going to let you show that it was paid off. I'm going to let Mr. Bumpers show the entire background of the dealings with the bank because I think it's all inter-related; and if you show one—I think it would be very one-sided if you'd show one side of it without showing the other and I think it's bearing on the man's intent. I think it should all be shown.
>
> * * * * * *
>
> Well, the objection is overruled. I think it's proper to admit it because your whole defense is built around the fact that the defendant felt that the president of the bank had taken care or was taking care of the loans to the FmHA, and the whole course of dealings over there with the bank are very much a part of this case. They are part and parcel of your defense, and it would be impossible for the jury not to have that testimony, the way in which the banker was handling his business and the way he was handling Mr. Lisko's business without the jury hearing the whole picture * * *.

Transcript at 6, 222.

 "Absent a clear showing of an abuse of discretion, a district court's determination regarding the relevancy of evidence will not be disturbed." *United States v. Caspers*, 736 F.2d 1246, 1248 (8th Cir.1984). The district court made a finding that the probative value of the evidence pertaining to Lisko's banking practices outweighed the potential prejudice. There is nothing to indicate that the district court abused its discretion in this regard.[2] After

2. The appellant claimed that reference to the

total amount of the 628 overdrafts drawn on his

Lisko was questioned regarding his $10,000 debt to the government, the district court made the following statement:

> Well, you know that it has been established about ten times in the course of this lawsuit, that the FDIC is the receiver of that bank and that everybody that is overdrawn over there, the FDIC is making a claim, and that point has been made about six times.

■ Lisko asserts that a witness may not be impeached by evidence of a pending indictment, and as a general rule the appellant's proposition is correct. *See Brown v. Coating Specialists, Inc.,* 465 F.2d 340, 342 (5th Cir.1972). The appellant claims that although the district court referred to the FDIC claim and not a criminal indictment, the same risk of prejudice was present. While the district court should not have referred to the FDIC lawsuit we do not believe that this error requires reversal. In light of the overwhelming evidence of guilt in this case any error that may have occurred was harmless beyond a reasonable doubt. FED.R.CRIM.P. 52(a).[3]

**B. Refusal to Give Defendant's Instruction**

The appellant claims that the court erred in refusing to give his position instruction to the jury. He claims that the court's instructions regarding the requisite intent needed for the offense were not adequate because his defense involved more than merely denying that he possessed the intent to defraud the government. He contends that he relied on his banker's assurances that the loans were paid, and because of his reliance on those assurances he did not intend to defraud the FmHA. In essence he claims that there was good-faith reliance on false information provided by

one in a fiduciary capacity. The appellant's proffered instruction stated:

DEFENDANT'S
INSTRUCTION NO. "A"

It is the Defendant's contention that at all times pertinent to any Count of the indictment entered herein, that the defendant was receiving advice and counseling from his banker, i.e., that the Defendant's banker was either telling him that the Farmers Home Administration loan would be paid off in a very short period of time and/or that the Farmers Home Administration loan had been paid off and that the Defendant, therefore, believed that he would not be defrauding the Farmers Home Administration by selling mortgaged crops because of the information he was receiving from his banker.

It is further the Defendant's contention that he had a right to rely on his banker's statements and did, in fact, rely on his banker's statements and did, in fact, rely on his banker's statements and that he at no time because of his banker's statements had any intent to defraud the Farmers Home Administration and/or the United States Government out of any money.

If evidence of the Defendant's contentions above set out cause you to have a reasonable doubt as to whether or not the element of the Defendant's intent to defraud the Farmers Home Administration has been proved, then, and in that event, you must acquit the Defendant.

■ It is axiomatic that a defendant is entitled to an instruction if "a timely request is made, the evidence supports the instruction, and the proffered instruction

---

account between December 1980 and March 1983, made him look worse than he would have otherwise looked had only the transactions between December 1980 and November 1982 been mentioned. Lisko's counsel claimed that this latter amount was "substantially less" than the total amount referred to at trial. However, at oral argument counsel for the appellant admitted that the actual dollar differential was not known, and, therefore, there was no basis for

his position that this figure was "substantially less" than the figure referred to at trial.

3. We believe that there was overwhelming evidence of the defendant's intent to defraud the FmHA. We find particularly damaging the evidence which established that he forged endorsements on four checks made payable to him and to FmHA.

correctly states the law." *United States v. Lewis,* 718 F.2d 883, 885 (8th Cir.1983). It is equally well-established, however, that a defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction. *See United States v. Richmond,* 700 F.2d 1183, 1196 (8th Cir.1983). In this case the district court adequately instructed the jury as to the intent needed for a violation of 18 U.S.C. § 658. Furthermore, we believe the district court correctly rejected the proffered instruction in this case for the reasons we espoused in *United States v. Nance,* 502 F.2d 615 (8th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975), wherein we stated:

> Here there was submitted a long, verbose instruction essentially setting forth a defense of good faith, yet containing also a detailed description of the purported evidence and inferences drawn therefrom by defense counsel. In our view the request did not meet the standard of adequacy that a court may require.
>
> \* \* \* \* \* \*
>
> The court made clear that a predicate to a verdict of guilty was that they find each defendant individually participated in a knowing and willful fraudulent scheme. The court's definition of those terms makes clear that good faith would be an absolute defense to the crime. While a more detailed position instruction would have been preferable, we cannot say that the instructions as a whole did not outline the theory of the government's case, the defendants' opposition thereto, and the applicable law.

*Id.* at 619–20. The appellant's position instruction in this case is a "long, verbose instruction \* \* \* containing \* \* \* a detailed description of the purported evidence and inferences drawn therefrom by defense counsel." *Id.* at 619. Accordingly, we do not believe the court erred in refusing to give the appellant's proffered instruction.

### C. Motion for New Trial

 After the jury returned a guilty verdict Lisko filed a motion for a new trial on the basis of newly discovered evidence. The new evidence apparently would have been testimony from two individuals regarding the government's key witness Jerry Sparks. The district court denied the motion. As we have stated before "[t]he grant or denial of a motion for new trial based on newly discovered evidence is within the broad discretion of the trial court, and the trial court's decision will not be reversed absent a clear abuse of discretion." *United States v. Wallace,* 578 F.2d 735, 742 (8th Cir.), *cert. denied,* 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1978).

In *Wallace,* this court set forth the test to be employed when reviewing motions for new trials based on newly discovered evidence.

> In this circuit, the relevant standards for granting a motion for new trial on the ground of newly discovered evidence are as follows:
>
> (1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) *the evidence relied upon must not be merely cumulative or impeaching;* (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Wallace, supra,* 578 F.2d at 742 (emphasis added).

 In this case the allegedly newly discovered evidence consisted of the testimony of two individuals, designed to either impeach Jerry Sparks' testimony, or to buttress Lisko's testimony. It is clear, however, that the newly discovered evidence "must not be merely cumulative or impeaching," as is the case here. Finally, "[w]e need not judge the \* \* \* evidence \* \* \* in light of each of [the *Wallace*] standards, for it is clear that [the new evidence] was not of such nature that it would probably produce an acquittal at a new trial." *Id.*

## IV. CONCLUSION

We have examined the appellant's remaining arguments and find them to be without merit. Accordingly, the conviction is affirmed.