UNITED STATES of America, Appellee,

v.

Jeffrey LEISURE, Appellant.

No. 86–1299.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1986.

Decided Dec. 17, 1986.

James Martin Davis, Omaha, Neb., for appellant.

Stephen D. Anderson, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

FAGG, Circuit Judge.

Jeffrey Leisure was convicted by jury of conspiring to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to seven years imprisonment. On appeal Leisure argues that the district court committed error in admitting evidence of Leisure's prior marijuana transactions and in denying Leisure's motion for judgment of acquittal or, in the alternative, a new trial. In addition, Leisure contends the district court abused its discretion in imposing the seven-year sentence. We affirm.

Leisure concedes that evidence of prior drug transactions may be relevant to show a defendant knowingly and intentionally joined the drug conspiracy charged. *United States v. Lewis,* 759 F.2d 1316, 1349 (8th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 406, 407, 88 L.Ed.2d 357 (1985). Thus, Leisure concedes, this evidence is admissible under Rule 404(b) of the Federal Rules of Evidence if proof of the prior dealings is clear and convincing and the potential unfair prejudice of the evidence does not substantially outweigh its probative value. *Id.*

Leisure instead argues that in this case the government did not present sufficient proof of his prior marijuana dealings. The only testimony offered was that

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

of other participants in the marijuana transactions who, as part of plea bargains, had received immunity in exchange for their cooperation. Contrary to Leisure's argument, however, the testimony of a government informant does not require corroboration to satisfy the clear and convincing test for Rule 404(b) admissibility. *United States v. Gilmore*, 730 F.2d 550, 554 (8th Cir.1984). In addition, we have carefully considered Leisure's other arguments regarding the application of this rule of evidence, and we find them also to be without merit. The district court did not abuse its discretion in admitting evidence of Leisure's prior marijuana dealings. *See United States v. Gomez*, 733 F.2d 69, 72 (8th Cir.1984).

 Leisure's motion for judgment of acquittal was based on an argument that the government failed to prove he was involved in the conspiracy. We reject this contention. Witnesses presented by the government testified that Leisure held cocaine for conspiracy participants, helped participants search for missing cocaine, chauffeured a conspiracy participant delivering cocaine, and told his marijuana buyers he could also get cocaine for them. This evidence was adequate to allow the jury to find Leisure knowingly participated in the conspiracy to distribute cocaine.

Our conclusions regarding the sufficiency of the evidence and the admissibility of the prior marijuana transactions necessarily dispose also of Leisure's motion for a new trial.

Finally, Leisure argues that the seven-year sentence is excessive because the evidence at best showed he was involved only at the end of the conspiracy and because the district court placed undue reliance on Leisure's arrest while a juvenile for a felony. Ordinarily, a sentence imposed by a district court, if within statutory limits, is not reviewable on appeal. *United States v. Hansen*, 755 F.2d 629, 631 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 105, 88 L.Ed.2d 85 (1985). Leisure offers no authority for the proposition that a juvenile offense is outside the broad scope of a judicial sentencing inquiry. *See United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Madison*, 689 F.2d 1300, 1314–15 (7th Cir.1982), *cert. denied*, 459 U.S. 1117, 103 S.Ct. 754, 74 L.Ed.2d 971 (1983). Nor has Leisure shown that the seven-year sentence—less than half of what he could have received under section 841(b)(1)—is so severe as to shock the judicial conscience. *See Castaldi v. United States*, 783 F.2d 119, 123 (8th Cir.) (citing *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir.1973) (en banc)), *cert. denied*, —— U.S. ——, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). Thus, Leisure's sentence cannot be disturbed.

Affirmed.