**UNITED STATES of America, Appellee,**

**v.**

**Chester Aurelio WALKER, Appellant.**

**No. 86–5331.**

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1987.

Decided May 1, 1987.

Alan J. Sheppard, Fargo, N.D., for appellant.

Dennis D. Fisher, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and LARSON,* Senior District Judge.

_____

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

LARSON, Senior District Judge.

Defendant Chester Aurelio Walker was convicted of two counts under the Major Crimes Act, 18 U.S.C. § 1153, and the relevant assault statutes, 18 U.S.C. § 113(c), assault with a dangerous weapon, and 18 U.S.C. § 113(f), assault resulting in serious bodily injury. His convictions stemmed from the stabbing assault of an unarmed victim, Clark Cavanaugh, on the Devils Lake Sioux Indian Reservation. At the time of the stabbing, Walker was a passenger in a vehicle which had driven into Cavanaugh's yard. Cavanaugh approached the car and a conversation ensued. Defendant alleged he stabbed Cavanaugh after Cavanaugh opened the passenger door and hit him. Defendant further alleged the vehicle in which he was riding was attempting to leave the scene at the time of the altercation. The government presented evidence that Cavanaugh was pulled into the car by Walker (who was 5 feet 11 inches tall and 324 pounds) and another large man (who was 6 feet tall and 175 pounds) and held there while he was punched, hit and stabbed twice before being thrown out of the moving car onto the shoulder of the road.

The trial court sentenced Walker to ten years on Count 2, assault resulting in serious bodily injury, and suspended sentence on Count 1, assault with a dangerous weapon, for five years after defendant's release. Defendant has appealed. We affirm.

■ Defendant raises three primary arguments on appeal. First, he contends that the district court's instructions on self defense were erroneous in that they failed to state that the defendant's alleged inability to retreat should be a factor to consider and an aggressor need not be armed in order to raise a self defense issue. The district court instructed the jury as follows:

The defendant in this case contends that he acted in self defense. If the defendant did act in self defense he must be found not guilty. A person is justified in using such force that he reasonably believes is necessary to protect himself from unlawful physical harm about to be inflicted on him by another. How-

ever, the use of such force in self defense that is likely to cause death or great bodily harm to the other person is justified only if the person acting in self defense reasonably believes the force he is using is necessary to protect himself from death or great bodily harm.

The government has the burden of proving beyond a reasonable doubt that the defendant did not act in self defense.

■ We find this instruction adequately states the law under the circumstances of this case. A district court has wide discretion in formulating appropriate jury instructions. *United States v. Reda,* 765 F.2d 715, 719 (8th Cir.1985); *United States v. McQuarry,* 726 F.2d 401, 402 (8th Cir. 1984). A defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction. *United States v. Reda,* 765 F.2d at 719; *United States v. Lisko,* 747 F.2d 1234, 1238 (8th Cir.1984); *United States v. Lewis,* 718 F.2d 883, 885 (8th Cir.1983). Nor is the defendant entitled to an instruction when the evidence does not support it. *See United States v. Lewis,* 718 F.2d at 885.

We find the district court did not abuse its discretion in failing to give defendant's proposed additional instructions. The court's instructions adequately covered the substance of Walker's defense theory and gave defense counsel the opportunity to make a fair and adequate argument on defendant's self defense theory to the jury. *See, e.g., United States v. Reda,* 765 F.2d at 719; *United States v. McQuarry,* 726 F.2d at 402; *United States v. Lewis,* 718 F.2d at 885.

■ Defendant next alleges that the district court erred in admitting for impeachment purposes evidence of his conviction for arson in 1980. Rule 609(a)(1) provides:

Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from

him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant * * *.

Fed.R.Evid. 609(a)(1). Defendant's conviction was within the ten-year time limit prescribed by this rule, and his credibility was an important factor in the case. *See United States v. Young,* 702 F.2d 133, 137 (8th Cir.1983). The admissibility of the arson conviction was thus within the district court's discretion. *Id.; United States v. Hall,* 588 F.2d 613, 615 (8th Cir.1978).

Defendant nonetheless claims error because the district court failed to make a specific determination on the record that the conviction's probative value outweighed its prejudicial effect. *See* Fed.R.Evid. 609(a)(1). Unlike Rule 609(b), Rule 609(a) does not require the district court to examine the "specific facts and circumstances" supporting the conviction's probative value. *See United States v. Portillo,* 699 F.2d 461, 463–64 (9th Cir.1982); *United States v. Spero,* 625 F.2d 779, 781 (8th Cir.1980). Courts of appeals are apparently divided on the issue of whether Rule 609(a) nevertheless requires an explicit on-the-record finding that the conviction's probative value outweighs its prejudicial effect. *Compare United States v. Preston,* 608 F.2d 626, 638–40 (5th Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980) *with United States v. Thompson,* 612 F.2d 233, 234 (6th Cir.1980). We agree with the Court of Appeals for the District of Columbia that "an explicit finding in the terms of the Rule can be of great utility, if indeed not required, on appellate review * * * and some indication of the reasons for the finding can be very helpful." *United States v. Smith,* 551 F.2d 348, 357 n. 17 (D.C.Cir. 1976) (citation omitted).

■ In this case, the district court implicitly found the defendant's 1980 arson conviction met Rule 609's prerequisites by allowing limited cross-examination of the defendant on this basis. While we might have preferred a more explicit determination that the conviction's probative value outweighed its prejudicial effect, we find no reversible error in the admission of the conviction. The court properly instructed the jury that the conviction was to be used only for purposes of evaluating the defendant's credibility, which, as we have said, was an important aspect of the case, and any error in failing to make an explicit determination was harmless in view of the substantial evidence of defendant's guilt. *See United States v. Spero,* 625 F.2d at 781–82; *United States v. Young,* 702 F.2d at 137; *United States v. Hall,* 588 F.2d at 615.

Finally, defendant challenges the sentence imposed by the district court.[1] The district court sentenced Walker to a period of ten years on Count 2 and suspended the imposition of sentence on Count 1, placing him on probation for a period of five years after his release from confinement. Defendant objects to the suspended sentence on Count 1, claiming that the district judge was bound by the government's recommendation that a sentence be imposed on Count 2 only.

■ We reject defendant's contention that the district court was bound by the government's alleged "concession" that the two offenses charged in the indictment had merged into one. The offenses of assault with a dangerous weapon (Count 1) and assault resulting in serious bodily injury (Count 2) are two separate crimes. *United States v. Eagle,* 586 F.2d 1193, 1196–97 (8th Cir.1978). The district court has wide discretion in making a sentencing determination, *see, e.g., Castaldi v. United States,* 783 F.2d 119, 123 (8th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986), and the sentence imposed by the

---

**1.** Defendant had also alleged in his brief that this prosecution violated his rights under the equal protection clause, but defendant's counsel conceded at oral argument that this argument was based on an erroneous view of the applicable law, and we agree that it lacks any serious merit.

court was within the statutory limits. Sentences within statutory limits are generally not subject to review, absent a showing that the district court manifestly or grossly abused its discretion. *Id.; see United States v. Leisure,* 807 F.2d 143, 145 (8th Cir.1986); *United States v. Kirk,* 761 F.2d 463, 465 (8th Cir.1985); *United States v. Cruz,* 739 F.2d 395, 395–96 (8th Cir.1984). We find no such abuse of discretion here.

For all of the foregoing reasons, the judgment and sentence of the district court are affirmed.