UNITED STATES of America, Appellee,

v.

**Ruben CRUZ, Appellant.**

No. 92–3270.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1993.

Decided May 13, 1993.

C. Charles Chinquist, Fargo, ND, argued, for appellant.

Dennis D. Fisher, Fargo, ND, argued (Stephen D. Easton and Keith W. Reisenauer, on the brief), for appellee.

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Ruben Cruz appeals from his conviction in district court[1] for money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). We affirm.

## I.

In the spring of 1991, Detective Jerome Thorsen of the Moorhead, Minnesota Police Department received information from an informant that Cruz was distributing marijuana. More specifically, the informant told Thorsen that Cruz had himself been bringing or had been receiving from a supplier a shipment of marijuana from Texas once a month. The informant also indicated that Cruz or his family had purchased a new van that was hidden in a garage in south Moorhead. Thorsen also learned that Cruz and his family had large amounts of cash on hand.

In the summer of 1991, a different informant told Thorsen that Cruz had purchased a vacant lot in Texas upon which he was building a house. The informant also indicated to Thorsen that Cruz was using a number of storage garages in the Fargo–Moorhead area to conceal both marijuana and vehicles. Thorsen later verified that Cruz and his family had access to at least two storage garages in the Fargo–Moorhead area.

In the fall of 1991, Thorsen received additional information from informants that Cruz was continuing to traffic in marijuana and that he had recently purchased a Chevrolet Blazer. Upon further independent investigation, Thorsen determined that Gateway Chevrolet, located in Fargo, had sold the vehicle to Cruz. Gateway Chevrolet verified that Cruz and his wife, Estela, had purchased a 1988 Chevrolet Blazer on October 28, 1991. Gateway Chevrolet also informed the police that Cruz had paid $8,625 of the $9,999 purchase price in cash.

On December 10, 1991, Detective Craig Baker of the Clay County, Minnesota Sheriff's Department received information from an informant that Cruz and his son, Hector, were en route from Texas to the Fargo–Moorhead area on a Greyhound bus, carrying with them between fifteen and twenty-five pounds of marijuana. Accordingly, on December 12, 1991, officers set up surveillance at the Greyhound bus stop in Moorhead. The officers observed a 1988 Chevrolet Blazer parked nearby. A registration check on

---

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

the Blazer's license plate showed that it was registered to Ruben and Estela Cruz.

Shortly thereafter, officers observed Cruz and Hector disembark from a Greyhound bus at the Moorhead stop. The officers watched Cruz and Hector as they carried two duffel bags to the Blazer and placed the bags inside the vehicle. The two men left in the Blazer, but officers stopped them a few blocks away from the bus stop.

The officers arrested Cruz and Hector and impounded the Blazer. After obtaining a search warrant, the officers searched the Blazer and uncovered twenty pounds of marijuana hidden in the two duffel bags. The officers also seized a number of items from the wallets of both Cruz and Hector, including receipts pertaining to building materials, a storage facility, and jewelry, together with other documents tending to show expenditures of cash—monies that law enforcement officers believed Cruz had laundered.

Based upon prior information obtained from the informants and the evidence recovered from the search of the Blazer and of Cruz and Hector, the officers obtained a search warrant for Cruz's residence. In the course of searching Cruz's residence, the officers seized a plastic cooler containing a small scale, a camera, and two boxes of Ziploc-type storage bags. The officers also seized several documents, including check carbons, checking account statements, telephone records, slips of paper with handwritten notations believed to be related to drug activity, and receipts for payments made by the Cruzes for furniture, auto repairs, and other substantial cash outlays.

In February 1992, Detectives Thorsen and Baker travelled to McAllen, Texas, to investigate the site upon which Cruz reportedly had been constructing a house. The two detectives discovered a house under construction that appeared to be the same house depicted in photographs developed from a roll of film taken from the camera that officers had seized during the search of Cruz's Moorhead residence. Further investigation revealed that Cruz had paid cash to several contractors for their work on the house.

The government's analysis of Cruz's income, expenses, and financial activities disclosed that his only source of cash to purchase the Chevrolet Blazer was his marijuana distribution activities. An analysis of Cruz's finances for 1991, the year in which he purchased the Blazer, showed that Cruz had received gross income of approximately $1500 for part-time work as a farm laborer, and that his wife, Estela, had earned approximately $5700 for her part-time work. Indeed, because of their "inadequate" income, Cruz's family had applied for and received public assistance. The Cruz family's income for the previous three years (1988–90) had also been minimal. Nonetheless, records demonstrated that in 1991 alone the Cruzes had purchased three automobiles with cash, for a total expenditure in excess of $19,000. Overall, the analysis showed that Cruz had made expenditures of $35,315 in 1991, when he had $12,856 of legitimate available cash. Cruz's cash expenditures thus exceeded his available cash by $22,459.

On March 20, 1992, Cruz pled guilty to possession of a controlled substance in Minnesota state court, in connection with the twenty pounds of marijuana seized from the Blazer. Cruz was subsequently convicted in federal district court of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), in connection with his purchase of the Chevrolet Blazer. The district court sentenced Cruz to 110 months' imprisonment, to be followed by three years of supervised release.

## II.

Cruz raises two issues on appeal: (1) that the evidence was insufficient to support his money laundering conviction; and (2) that the district court improperly denied his motion for a new trial.

" 'When reviewing for sufficiency, we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences.' " *United States v. Rogers*, 982 F.2d 1241, 1244 (8th Cir.1993), (quoting *United States v. Ivey*, 915 F.2d 380, 383 (8th Cir.1990)). "If a juror could reasonably infer from the evidence presented at trial that [Cruz] had engaged in money laundering proscribed by 18 U.S.C. § 1956, we must uphold the conviction." *United States*

*v. Blackman,* 904 F.2d 1250, 1256 (8th Cir. 1990).

■ For the government to prove a violation of section 1956(a)(1)(A)(i), the evidence must establish (1) that the defendant conducted a financial transaction which involved the proceeds of unlawful activity; (2) that he knew that the property involved in the transaction was proceeds of some form of specified unlawful activity; and (3) that he "intend[ed] to promote the carrying on of specified unlawful activity...." (quoting 18 U.S.C. § 1956(a)(1)(A)(i)). *United States v. Montoya,* 945 F.2d 1068, 1076 (9th Cir.1991).

■ Cruz focuses his argument on the third element. He claims that the government did not offer sufficient evidence that at the time he purchased the Chevrolet Blazer he intended to use it in his drug distribution activities. Cruz argues that his use of the Blazer during a single drug transaction cannot support a finding that he intended to use the Blazer in his drug distribution activities at the time he purchased it.

We disagree with Cruz's argument. We note, initially, that "the government's burden on a particular element of the offense may be satisfied by circumstantial evidence as long as it is sufficient to prove that element beyond a reasonable doubt." *Blackman,* 904 F.2d at 1257. In attempting to prove Cruz's subjective intent at the time he purchased the Blazer, the government, without a confession from Cruz, was necessarily limited to using circumstantial evidence. *Cf. Pelster v. Ray,* 987 F.2d 514, 524 (8th Cir.1993) (necessity of circumstantial evidence to prove intent). The evidence supporting the jury's verdict is substantial. The government presented an extensive history of Cruz's finances, which showed the huge margin by which his expenses exceeded his income from legitimate sources. By pleading guilty in state court to charges that he had possessed twenty pounds of marijuana within the Blazer, Cruz admitted that he had used the Blazer in his drug distribution activities. Moreover, Cruz's use of the Blazer in drug distribution activities within a mere six weeks of its acquisition further supports the jury's finding that Cruz had purchased it with the intent to use it to further these activities.

Cruz argues that section 1956(a)(1)(A)(i) should be construed to require the government to show a pattern of use of the Blazer in Cruz's drug distribution activities in order to support a finding of specific intent at the time of the vehicle's purchase. Indeed, Cruz contends that the use of a vehicle in a single drug transaction is *per se* insufficient to support a finding of specific intent at the time of the vehicle's purchase. We decline Cruz's invitation to read a "one free transaction" requirement into the statute. Accordingly, we find that Cruz's conviction is sufficiently supported by the evidence.

Cruz next contends that the district court erred in denying his motion for a new trial, citing four separate grounds: (1) the evidence was insufficient to support his money laundering conviction; (2) the district court erroneously instructed the jury concerning the elements of the money laundering offense and the "cash expenditures" method of proof concerning his annual income and expenses; (3) the district court erroneously denied his challenge for cause to a prospective juror; and (4) the district court erroneously admitted hearsay testimony by Detective Thorsen.

In reviewing Cruz's motion for a new trial, "we must affirm the district court's denial unless the denial was a clear and manifest abuse of discretion." *United States v. Brown,* 956 F.2d 782, 786 (8th Cir.1992). We have noted further that "[t]he district court should grant a new trial 'only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Id.* (quoting *United States v. Lanier,* 838 F.2d 281, 284–85 (8th Cir.1988)).

Cruz's challenge to sufficiency of the evidence is simply a restatement of the argument that we have already rejected.

Cruz's argument that the district court erred in giving Jury Instructions No. 12 and No. 15 is without merit. We agree with the government that Instruction No. 12 accurately sets forth the elements of the money laundering offense for violating 18 U.S.C. § 1956(a)(1)(A)(i). *See United States v. Jackson,* 935 F.2d 832, 838–39 (7th Cir.1991). We also agree with the government that Instruction No. 15 properly sets forth the

law concerning the elements of intent with respect to the money laundering offense. *See Id.* Accordingly, the district court did not err in giving the challenged instructions.

Cruz's argument that the district court erred in giving Jury Instruction No. 16 concerning the use of the cash expenditures method is likewise without merit. The government used the cash expenditures method to show that Cruz had spent much more than he had legitimately earned during 1991. In addressing the use of the cash expenditures method, the court instructed the jury as follows: "[The cash expenditures] method consists of showing that the sum of money paid out by a defendant for a particular period of time exceeds the total of his available cash resources during the period of time." *See* Instruction No. 16. The court also advised the jury that it "must be satisfied beyond a reasonable doubt that the government has proved the defendant's expenditures in the year 1991 exceeded the amount he had available from income and other legitimate sources." *See Id.* Cruz argues that the government should have been required to show Cruz's net worth at the beginning of the time period (January 1, 1991). He also alleges that the phrase "legitimate sources" was ambiguous and failed to require the government to prove that Cruz had not obtained his excess monies from gifts, loans, and bequests.

Although the opening net worth of the defendant "must be demonstrated 'to a reasonable certainty,' it need not be established by a formal net worth statement." *United States v. Pinto*, 838 F.2d 426, 431 (10th Cir. 1988), (quoting *United States v. Citron*, 783 F.2d 307, 315 (2d Cir.1986)). Thus, "there need not be any formal opening net worth statement, ... so long as sources of available funds are identified and quantified." *Id.* 838 F.2d at 432.

■ The government presented evidence of Cruz's net worth on January 1, 1991, by offering his tax returns from prior years and the financial statements he had provided to Clay County Social Services to obtain government assistance. Although Cruz was free to contest at trial the opening net worth presented by the government, he did not do so. Our review of the record and the government's exhibits satisfies us that Cruz's sources of available funds were adequately "identified and quantified." *See Id.* Accordingly, we hold that the government offered sufficient evidence concerning Cruz's net worth at the beginning of 1991.

■] With respect to Cruz's argument concerning the purported ambiguity of the phrase "legitimate sources," we begin by noting that a " 'district court has wide discretion in formulating appropriate jury instructions.' " *United States v. Kocher*, 948 F.2d 483, 487 (8th Cir.1991), (quoting *United States v. Walker*, 817 F.2d 461, 463 (8th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987)). Likewise, "[a] defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction." *Walker*, 817 F.2d at 463. Because the phrase "legitimate sources" included by definition lawful income from gifts, loans, and bequests, Instruction No. 16. adequately and correctly covered the substance of the requested instruction. *See Id.*

■ Cruz next argues that the district court erred in denying his challenge for cause to Juror No. 42. In voir dire, Juror No. 42 indicated his concern that, because of an accident in which he had been involved eight years before the trial, he possessed some residual prejudice towards Native Americans. Cruz is of Hispanic descent. Cruz challenged Juror No. 42 for cause, but the district court denied the challenge, determining that the juror was not clearly biased against the defendant. Cruz retained his opportunity to strike the juror with a peremptory challenge, and did so.

Cruz's argument is without merit. The juror did not claim that he was biased against people of Hispanic origin. Moreover, because Cruz exercised a peremptory challenge to remove him, the juror was "thereby removed from the jury as effectively as if the trial court had excused him for cause." *Ross v. Oklahoma*, 487 U.S. 81, 86, 108 S.Ct. 2273, 2277, 101 L.Ed.2d 80 (1988). "Any claim that the jury was not impartial, therefore, must focus not on [Juror No. 42], but on the jurors who ultimately sat." *Id.* Cruz has never

suggested that any of the eventual jurors at his trial was not impartial. Accordingly, we conclude that Cruz has failed to establish that the jury was not impartial or that he suffered any prejudice from the denial of his challenge for cause.

Last, Cruz argues that the district court erred in permitting Detective Thorsen to testify over a hearsay objection concerning information he had received from unnamed sources about Cruz's drug distribution activities. Cruz argues that this evidence was hearsay and that the district court's decision to admit it over his objection is reversible error. We disagree. Our review of the transcript confirms that the district court admitted the contested testimony not, as Cruz contends, for the truth of the matters asserted, but rather, as preliminary information concerning the origin of Thorsen's investigation of Cruz. In addition, the government did not refer to this preliminary information as evidence of Cruz's drug trafficking. Rather, the government proved Cruz's involvement in drug trafficking through his arrest, the search of his vehicle and house, and the numerous documents showing large cash expenditures by Cruz when he reportedly had no cash available. Consequently, the district court did not err in admitting the challenged testimony. *See* Fed.R.Evid. 801(c).

The judgment is affirmed.