FAGG, Circuit Judge.
For nearly eight years, members of the Barrett family and individuals unrelated to the Barretts participated in a large-scale drug operation in Kansas City, Missouri. Law enforcement investigation of the Barrett family and their associates culminated in the indictment of twelve coconspirators, and all but Clarence S. Brooks, Willie J. Barrett, Jr., and Terry T. Barrett pleaded guilty before trial. A jury convicted these three remaining defendants (collectively referred to as the appellants) of conspiracy to distribute marijuana, cocaine, crack cocaine, and phencyclidine in violation of 21 U.S.C. § 846 (1994). They appeal and we affirm.
Initially, Brooks and Terry T. Barrett contend the district court abused its discretion in granting the Government’s for-cause challenges to prospective jurors Williams and Clinton, who favored the decriminalization of marijuana. We need not discuss this issue, however, because Brooks’s and Barrett’s contention is foreclosed by this court’s contrary holdings. Even if the district court abused its discretion in striking Williams and Clinton for cause, Brooks and Barrett would not be entitled to a reversal of their convictions because they failed to show the jurors who tried their case were biased against them. See United States v. Horsman, 114 F.3d 822, 825 (8th Cir.1997), cert. denied, — U.S.—, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998); United States v. Cruz, 993 F.2d 164, 168-69 (8th Cir.1993); see also United States v. Padilla Mendoza, 157 F.3d 730, 733-34 (9th Cir.1998), cert. denied, — U.S.—, 119 S.Ct. 1084, 143 L.Ed.2d 85 (1999). Indeed, Brooks and Barrett concede in their briefing on appeal that they “cannot claim that the [prospective jurors] remaining after the erroneous strikes w[ere] not impartial.” In sum, Brooks and Barrett failed to meet their burden of establishing that the dismissal of Williams and Clinton resulted in a prejudicial jury panel. See Horsman, 114 F.3d at 825; Cruz, 993 F.2d at 168-69.
We also decline to consider Brooks’s and Terry T. Barrett’s sparsely worded single-sentence declaration that they are “defendfing]” Williams’s and Clinton’s right “to participate in the jury trial process.” Brooks and Barrett did not include this contention in their stated opposition to the Government’s motion to strike these jurors for cause or otherwise raise this point in the district court. Additionally, in their briefs to this court, Brooks and Barrett failed to list their gratuitous assertion as an issue on appeal or present any argument on the point. In these nebulous circumstances, Brooks and Barrett failed to preserve this contention for our review. See United States v. Elliott, 89 F.3d 1360, 1367 (8th Cir.1996) (failure to raise argument before district court waives argument on appeal); Fed.R.App.P. 28(a)(5), (a)(9) (requiring statement of issues pre *607 sented for appeal and discussion of contentions in appellate brief); United States v. Gonzales, 90 F.3d 1363, 1369-70 (8th Cir.1996) (failure to assign error or discuss contention in appellate brief is deemed abandonment of issue).
Next, Willie J. Barrett, Jr. contends the district court improperly denied his peremptory challenge to prospective juror Lisa Cherry, an African American single mother raising an infant child in Kansas City, after Brooks and Terry T. Barrett raised a Batson objection to the peremptory challenge. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Having reviewed the record, we conclude Willie J. Barrett’s explanation for striking Cherry does not pass muster under our case law because Barrett did not challenge other similarly situated members of the jury who were not African Americans. It is well established in this circuit “that [a litigant] may not justify peremptory challenges to venire members of one race unless venire members of another race with comparable or similar characteristics are also challenged.” Davidson v. Harris, 30 F.3d 963, 965 (8th Cir.1994) (alteration in original) (citations omitted). Thus, the district court’s ruling rejecting Barrett’s racially discriminatory use of a peremptory challenge was not clearly erroneous.
The appellants also raise a number of other issues related to the trial that can be summarized as follows: there was a variance between the indictment and the Government’s proof; the district court abused its discretion in denying motions for severance; the district court failed to suppress wire-tap interceptions, improperly ruled on a variety of evidentiary matters, and misinstructed the jury; and the prosecutor engaged in misconduct during closing argument. After considering these issues with care, we conclude the district court correctly resolved each of the appellants’ claims and a detailed discussion will have little, if any, precedential value. Also, the appellants’ contention that the admission of coconspirator testimony given in exchange for the Government’s promises of leniency violated the federal anti-gratuity statute is foreclosed by our recent opinions in United States v. Johnson, 169 F.3d 1092, 1097-98 (8th Cir.1999), and United States v. Boyd, 168 F.3d 1077, 1077-78 (8th Cir.1999) (per curiam). See also United States v. Singleton, 165 F.3d 1297 (10th Cir.1999) (en banc). Finally, we reject Brooks’s challenge to his sentence because the record shows the district court’s sentence-related findings are not clearly erroneous and the district court correctly determined Brooks’s sentence.
We affirm the appellants’ convictions and Brooks’s sentence.