UNITED STATES of America, Appellee,

v.

C.L. CARR, Appellant.

No. 84–2314.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1985.

Decided June 7, 1985.

Rehearing Denied July 2, 1985.

Stephen E. Adams, Fayetteville, Ark., for appellant.

Larry McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and CAHILL,* District Judge.

McMILLIAN, Circuit Judge.

C.L. Carr appeals from a final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict finding him guilty of aiding and abetting the willful misapplication of bank funds in violation of 18 U.S.C. §§ 2 and 656. Appellant was sentenced to three months imprisonment and fined $1,000. For reversal appellant argues that the district court erred in (1) denying his motion to dismiss the indictment based on prosecutorial misconduct and grand jury improprieties and (2) denying his motion in limine or his motion for continuance to compel responses by the government. For the reasons discussed below, we affirm.

Construing the evidence in the light most favorable to the jury verdict, the facts can be summarized as follows. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Appellant was an automobile and real estate investor and trader in Harrison, Arkansas. He often referred his customers to the First National Bank of Harrison (Bank) for financing. In particular, he referred his customers to Joel Tabor, a loan officer and vice president of the Bank, who, from 1975 through 1980, approved automobile loans for people referred to the Bank by appellant. Approximately 95% of these loans went into default. These loans were unsecured because the titles to the automobiles were released to appellant at his request before the loans were fully paid. Later, to gener-

ate extra cash, appellant devised a scheme by which appellant would "sell" a piece of his real property to "a buyer" who would sign a bank note. The proceeds of the bank loan on the real estate were given to appellant who promised to repay the debt. Tabor received kickbacks on some of these transactions.

Tabor was indicted and convicted of embezzlement. Following his conviction, Tabor agreed to testify on behalf of the government. On January 11, 1983, Tabor testified under a grant of immunity before a federal grand jury investigating illegal gambling activities in the Western District of Arkansas and embezzlement problems at the First National Bank of Harrison. Tabor testified, *inter alia*, concerning appellant's involvement in the embezzlement scheme at the Bank. At the conclusion of Tabor's testimony before the grand jury, the grand jury was given an opportunity to ask additional questions of Tabor. At that point the following statement was made by the United States Attorney:

Let me explain to you in front of the grand jury, ... obviously we cannot cover in sufficient detail on these loans to enable us to do a proper investigation. I'm going to ask the grand jury to appoint Gary Aaron, a special agent of the FBI, as an agent of the grand jury, to continue ... questioning you [Tabor] from time to time, as an agent of the grand jury and to report back.... [T]his information that you supply through Mr. Aaron will be included in the grant of immunity that has already been afforded to you.

The January 11, 1983, grand jury took no further action on this matter because the investigation was not completed until after the term of the grand jury had expired. In February 1984 the matter was presented to a new grand jury. An indictment against appellant was returned. Tabor's testimony to the previous grand jury was read in its

---

* The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

entirety to the second grand jury. Other testimony given to the first grand jury was also read to the second grand jury. FBI agent Gary Aaron testified as a witness before the second grand jury concerning his interviews with Tabor. The February 1984 grand jury returned an indictment against appellant who was subsequently convicted by a jury on July 10, 1984. It is from that conviction that appellant now appeals.

■ Appellant argues that the district court erred in denying his motion to dismiss the indictment based on prosecutorial misconduct and grand jury improprieties. First, appellant argues that FBI agent Aaron was improperly appointed as a "special agent" of the grand jury. Appellant argues that this appointment blurs the traditional role of the grand jury acting as a body independent of the prosecution because agent Aaron served on behalf of the government as an investigator and on behalf of the grand jury as a "special agent." The government argues that although the phrase "agent of the grand jury" was inappropriate and the district court's concern about the word choice understandable, the district court did not err in denying appellant's motion to dismiss the indictment because appellant failed to demonstrate that there was any prejudice resulting from the error. We agree with the government.

In *United States v. Kilpatrick*, 594 F.Supp. 1324, 1344 (D.Colo.1985) (citations omitted), the district court observed:

> [Fed.R.Crim.P. 6] does not authorize grand juries to have agents. The creation of that role and its misleading description to the grand jury is an improper intrusion into the exclusive and independent province of the grand jury by government attorneys and investigators. The most important function of the grand jury is to stand between the government agents and the suspect as an unbiased evaluator of the evidence.... The purpose of the grand jury requires that it remain free, within constitutional and statutory limits, to operate independently of either prosecuting attorney or judge.

However, a grand jury indictment will only be dismissed upon a showing of actual prejudice to the accused. *United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir.), cert. denied, 459 U.S. 1038, 103 S.Ct. 450, 74 L.Ed.2d 604 (1982).

Although the district court disapproved of the government's representation to the grand jury that agent Aaron would be sent to conduct further interviews with Tabor as an agent of the grand jury, the district court denied appellant's motion to dismiss the indictment because it found that appellant failed to demonstrate that he was prejudiced by the error. We agree with the district court. In *United States v. Kilpatrick*, 594 F.Supp. at 1328, the prosecutors' conduct was much more egregious: "The prosecutors divined the office of 'grand jury agent' by personally administering oaths before the grand jury to [three special internal revenue service agents]. The government concedes that the prosecutors possessed no authority to administer such oaths." Furthermore, the grand jury was constantly reminded of the agents' unique role and urged to rely on the IRS agents as their "agents." *Id.* at 1329.

In the present case there were two grand juries involved in handing down the indictment in the present case. Tabor personally testified before the first one. The first grand jury was informed that agent Aaron would act as its agent and supply further information from Tabor and other sources. Agent Aaron was not sworn in as an agent of the grand jury before either grand jury in the present case. The grand jury before which agent Aaron was improperly characterized as an agent never handed down an indictment against appellant because the first grand jury's term ended before the investigation against appellant was completed. Approximately one year later, a second grand jury was read the transcripts of Tabor's and other first grand jury witnesses' testimony. Agent Aaron testified only as a witness before the second grand jury, not as an agent of the grand jury.

Although the government's choice of words was inappropriate, in reality agent Aaron performed properly as an investigative agent of the government. We hold, therefore, that the district court did not err in concluding that appellant was not prejudiced by the government's improper characterization of agent Aaron as an agent before the first grand jury.[2]

Next, and for the first time on appeal, appellant argues that the grand jury secrecy rule was violated and that Tabor was improperly granted immunity. As the government correctly notes, "it is axiomatic that issues not presented to the trial court will not be considered on appeal." *American General Finance Corp. v. Parkway Bank & Trust Co.*, 520 F.2d 607, 608 (8th Cir.1975). After careful examination of the record, we hold that appellant has failed to preserve these issues for review.

■ Finally, appellant argues that the district court erred in denying appellant's motion in limine to suppress evidence of other financial transactions engaged in by appellant but not described in the indictment, arguing that the probative value of this evidence was outweighed by its prejudicial impact.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that his or her conduct on a particular occasion was in conformity with it. However, Fed.R.Evid. 404(b) permits the introduction of evidence of prior conduct that may constitute a separate crime to prove motive, intent, opportunity, knowledge, preparation, common scheme or plan, identity, or absence of mis-

take or accident. *United States v. Llach,* 739 F.2d 1322, 1327–29 (8th Cir.1984).

The requirements for the admission of other crimes evidence are well established:

(1) the evidence of the other act must be relevant to a material issue; (2) the other act must be similar in kind and reasonably close in time to the crime charged; (3) the evidence of the other act must be clear and convincing; and (4) the probative value of the evidence must not be outweighed by its prejudice.

*United States v. Miller,* 725 F.2d 462, 466 (8th Cir.1984) (citations omitted). The district court has broad discretion in admitting evidence of prior conduct and its discretion should not be overturned absent a clear showing of abuse of discretion. *See, e.g., United States v. Evans,* 697 F.2d 240, 247–48 (8th Cir.), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1982).

In the present case Tabor testified about various loans initiated by appellant from 1976 through 1980. The government offered this evidence to show common scheme and design and intent under Fed.R. Evid. 404(b). After reviewing the government's offer of proof, the district court admitted the evidence of the earlier loans. The district court found that the evidence of the other loan transactions was admissible in order to enable the jury to place the events in their proper context and to understand the overall scheme. The district court also found that the evidence was clear and convincing and that its probative value outweighed any prejudicial impact.[3] We hold, therefore, that the district court did not abuse its discretion in admitting the evidence of the other loans.

---

**2.** Appellant argues that the government violated Fed.R.Crim.P. 6(d), the rule describing who may be present in grand jury proceedings, when agent Aaron was permitted to appear before the second grand jury in the absence of the United States Attorney. We are unable to find any support in the record for appellant's argument. Agent Aaron testified as a sworn witness under examination by the United States Attorney. *See United States v. Echols,* 542 F.2d 948, 952 (5th Cir.1976), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1695, 52 L.Ed.2d 387 (1977). Based on a careful

examination of the record, we hold, therefore, that appellant's argument that agent Aaron made an unauthorized appearance before the grand jury in the absence of the United States Attorney is without merit.

**3.** Furthermore, the district court stated that it would be willing to give a cautionary instruction concerning the limited purpose for which this evidence was admitted, but such an instruction was never requested by appellant.

Alternatively, appellant argues that the district court erred in refusing to grant him a continuance to further investigate the other bad acts because appellant only discovered that the government intended to use this evidence the weekend before the trial was scheduled to commence. We agree with the government that the district court did not abuse its discretion in refusing to grant a continuance. Appellant does not claim that this evidence was exculpatory and therefore there is no authority that would have required the government to reveal the substance of Tabor's proposed testimony. Furthermore, appellant had ample time to prepare his defense adequately. Appellant was arraigned in early March 1984 and trial was set to begin at the end of April 1984. Upon a previous motion for a continuance made by appellant, commencement of trial was postponed until July 9, 1984.

We have carefully considered appellant's other arguments and after a thorough examination of the record, we hold that they are without merit. Accordingly, the judgment of the district court is affirmed.