**UNITED STATES of America, Appellee,**

v.

**Daulton McKIE, Appellant.**

No. 87–1134.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1987.

Decided Oct. 27, 1987.

Larry D. Hale, St. Louis, Mo., for appellant.

J. Bennet Clark, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

Daulton McKie appeals his jury conviction of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 846. For reversal, McKie argues that he did not receive a fair trial due to the district court's [1] denial of his trial motion for dismissal of the indictment against him based on prosecutorial misconduct before the grand jury. We affirm.

McKie and a co-defendant were arrested after a search of an apartment pursuant to a search warrant based upon information furnished by a confidential informant. McKie and his co-defendant were ultimately indicted for drug-related offenses. On the first day of the four-day trial, and as a result of a motion by defendant's counsel, the prosecution provided McKie with a transcript of an arresting officer's testimony before the grand jury. On the last day of the trial, McKie and his co-defendant made a motion to dismiss the indictment for prosecutorial misconduct based on information in the grand jury transcripts.[2] Specifically, McKie argued that statements made to the grand jury implied that he had previously been convicted of drug-related offenses. Secondly, he claimed that improper statements by the prosecutor before the grand jury, relative to when the maxi-

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. These transcripts revealed that during the questioning of a police officer, a member of the grand jury asked, "How much time do these people get for distribution of cocaine or selling the cocaine? How much time do they get?" The prosecutor, Mr. Clark, answered:

Maybe that's something I can answer. That totally varies on their background, on the judge, on how many counts they go. The maximum for possession with intent would be 15 years, unless they've done it two or three times before. Then, another statute kicks in.

And it really varies from case to case. That's hard to answer. The maximum is 15 for the distribution and 15 for the conspiracy. The maximum is seldom given, but, you know, that's something that's hard for any of us to say.

mum sentence was usually applied in drug cases, influenced the jury to indict him on two counts rather than one. Finally, he claimed the prosecutor's statements were in the form of testimony which brought about a conflict of interest on the part of the prosecution.

The district court denied the motion and deemed the denied motion to have included the argument that the government had failed to "make out a case." [3] Additionally, the district court allowed McKie the opportunity to reduce his motion to writing, along with any supplemental information. McKie and his co-defendant were ultimately found guilty and sentenced to ten years on the intent to distribute count, with a special parole term of three years to be served consecutively, and nine years on the conspiring to possess a controlled drug with intent to distribute count. The nine-year term was to be served concurrently with the ten-year term. There was an additional $100 assessment pursuant to the Comprehensive Crime Control Act of 1984.

On appeal, McKie reasserts that the prosecutor's statements induced the grand jury to indict him on more than one count. Specifically, he asserts that (1) the statement that the number of years a drug dealer receives as a sentence depends on "how many counts they go * * * " was an improper attempt to induce the grand jury to return indictments on both counts so that, if convicted, he would receive a more severe sentence; (2) the phrase "would be 15 years, unless they've done it two or three times before," implied that McKie had repeated convictions and that the grand jury in an effort to rid society of repeat offenders would assume conviction and thus indict him on more than one count; and, (3) the prosecutor's statement that "the maximum is seldom given * * * " led the grand jury to pad the indictment so that McKie would not escape with a mini-

mum sentence, if convicted. Finally, McKie argues that because all of the statements were in the form of unsworn testimony, the prosecutor was acting as both a witness and a prosecutor, in violation of professional ethics and Fed.R.Crim.P. 6(d).

■ There is a strong presumption of regularity in grand jury proceedings, and the defendant has a heavy burden in proving irregularities. *United States v. Kouba*, 822 F.2d 768, 774 (8th Cir.1987). We find unpersuasive McKie's arguments that the information provided by the government at the grand jury's request contained some hidden message to the grand jury. Further, the extreme remedy of dismissal of an indictment is appropriate only if there is a showing of actual prejudice. *Id.* McKie has made broad and conclusory allegations without any real showing of prejudice.

■ Further, the recent Supreme Court case of *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), is dispositive of this appeal. There, the Supreme Court held that "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation [of Rule 6(d) ]." 106 S.Ct. at 943.

The purpose of Rule 6(d) was described as protection against "the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty." *Id.* at 941. A subsequent verdict of guilty even after a Rule 6(d) violation would mean that there was "probable cause" to believe that the defendants were guilty as charged and that any error in the charging grand jury proceedings was therefore harmless. *Id.* at 942. The Court concluded that Fed. R.Crim.P. 52(a), which provides for disregarding harmless error, would be applied to the grand jury context. *Id.*

---

3. On appeal, McKie does not specifically argue lack of probable cause to indict him on either count. Rather he argues that but for these statements he would have only been indicted on one count. He does not say which charge he deserves and which count was punitive in nature. We note that the evidence gathered as a result of the search warrant and used at the

grand jury proceeding was substantial; *e.g.*, guns, various records indicating drug distribution, implements for producing and weighing crack, cocaine in crack form, packaged crack in plastic envelopes, unpackaged crack, empty plastic envelopes, and cash in the amount of $2,463.

This court has held that "[e]xcept in cases involving racial discrimination in the composition of the grand jury, a guilty verdict by the petit jury generally excuses errors at the grand jury level that are 'connected with the charging decision....'" *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir.1986) (quoting *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 942 n. 1, 89 L.Ed.2d 50 (1986)).

We hold that the district court did not err in refusing to dismiss the indictment and that the subsequent petit jury verdict of guilty rendered harmless any possible error connected with the charging decision. Accordingly, the judgment of conviction is affirmed.