UNITED STATES of America

v.

James B. McDOUGAL, Jim Guy Tucker
and Susan H. McDougal.

No. LR–CR–75–173.

United States District Court,
E.D. Arkansas,
Western Division.

Nov. 15, 1995.

Kenneth W. Starr, W. Ray Jahn, Bradley E. Lerman, Amy J. St. Eve, Office of the Independent Counsel, Little Rock, Arkansas, for Plaintiff.

Sam T. Heuer, Little Rock, Arkansas, for James McDougal.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, Arkansas, George B. Collins, Collins & Bargione, Chicago, Illinois, James J. Lessmeister, Arnold, Grobmyer & Haley, Little Rock, Arkansas, for Jim Guy Tucker.

Bobby McDaniel, Jonesboro, Arkansas, Jennifer Horan, Federal Public Defender, Little Rock, Arkansas, for Susan McDougal.

## ORDER

GEORGE HOWARD, Jr., District Judge.

Defendants have filed a motion to dismiss the indictment for lack of jurisdiction and for

violation of their due process rights for alleged prejudicial interference with the grand jury.[1] The Independent Counsel counters that he has jurisdiction by virtue of the conflict-of-interest provision under 28 U.S.C. § 591(c)(2).

The August 17, 1995, Indictment charges defendants Jim Guy Tucker ("Tucker"), James B. McDougal and Susan H. McDougal with criminal wrongdoing in financial transactions involving Madison Guaranty Savings & Loan Association ("Madison") and Capital Management Services, Inc. ("CMS"). The Indictment charges *inter alia* that Tucker engaged in a scheme with the McDougals and David L. Hale, who was president of CMS, to defraud Madison and CMS.

In order to understand the arguments, a review of the relevant statutory provisions is necessary. The Ethics in Government Act of 1978, as amended by the Independent Counsel Reauthorization Act of 1994, 28 U.S.C. §§ 591–599 (the "Independent Counsel Act"), permits the Attorney General to request that Independent Counsel be appointed in certain circumstances. Under § 591(b), the Attorney General may request that an independent counsel be appointed when her preliminary investigation discloses that certain named individuals in the Executive Department may have violated the law. These individuals include the President and Vice President, the Director of Central Intelligence, Commission of Internal Revenue, and high ranking Executive Office officials.

The Independent Counsel states that § 591(b) is inapplicable in this situation, as the Attorney General in this instance proceeded under § 591(c)(2). "Pursuant to § 591(c), the Attorney General may also conduct a preliminary investigation of persons not named in § 591(b) if an investigation by

the Attorney General or other Department of Justice official 'may result in a personal, financial, or political conflict of interest.'" *Morrison v. Olson,* 487 U.S. 654, 660 n. 2, 108 S.Ct. 2597, 2603 n. 2, 101 L.Ed.2d 569 (1988).

If the Attorney General determines that further investigation or prosecution is warranted, she shall apply to the Special Division of the Court for appointment of an independent counsel. The Act gives the Special Division the power to choose who will serve as independent counsel and to define his or her jurisdiction. 28 U.S.C. § 593(b). *Morrison,* 487 U.S. at 678, 108 S.Ct. at 2612.

The Attorney General requested the appointment of an independent counsel on July 1, 1994.[2] She requested that the Special Division provide the independent counsel with the same jurisdiction it had granted Robert B. Fiske, Jr., who the Attorney General had appointed on January 20, 1994, to act as regulatory independent counsel to take over all investigations relating to Madison.[3]

In her application, the Attorney General stated the following:

> I have concluded that the circumstances of this matter call for the appointment of an independent counsel pursuant to 28 U.S.C. § 592(c)(1)(A), because investigation by the Department of Justice of the allegations of violations of criminal law by McDougal and other individuals associated with President and Mrs. Clinton in connection with Madison Guaranty Savings & Loan, Whitewater Development Corporation, and Capital Management Services, Inc., would present a political conflict of interest. *See* Independent Reauthorization Act of 1994, § 4(a) (amending 28 U.S.C. § 591(c)).

The Special Division appointed Kenneth W. Starr as Independent Counsel on August

---

**1.** Defendant Jim Guy Tucker ("Tucker") originally filed the motion to dismiss on September 25, 1995. Defendant James B. McDougal ("James McDougal") has moved to adopt the motion to dismiss, which is granted. Defendant Susan McDougal ("Susan McDougal") also filed a motion to adopt Tucker's motion which was granted. In addition, Susan McDougal has filed her

own motion to dismiss which includes the arguments raised by Tucker in the instant motion.

**2.** On June 30, 1994, President Clinton signed into law "The Independent Counsel Reauthorization Act of 1994."

**3.** The Attorney General defined Mr. Fiske's authority in a final rule codified at 28 C.F.R.

5, 1994.[4] The Special Division's order defined the jurisdiction of the Independent Counsel as follows:

> Kenneth W. Starr, Esq., ... is hereby appointed Independent Counsel with full power, independent authority, and jurisdiction to investigate to the maximum extent authorized by the Independent Counsel Reauthorization Act of 1994 whether any individuals or entities have committed a violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, relating in any way to James B. McDougal's, President William Jefferson Clinton's, or Mrs. Hillary Rodham Clinton's relationships with Madison Guaranty Savings & Loan, Whitewater Development Corporation, or Capital Management Services, Inc.

> The Independent Counsel shall have jurisdiction and authority to investigate other allegations or evidence of violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, by any person or entity developed during the Independent Counsel's investigation referred to above and connected with or arising out of that investigation.

> . . . . .

> The Independent Counsel shall have jurisdiction and authority to seek indictments and to prosecute any persons or entities involved in any of the matters described above, who are reasonably believed to have committed a violation of any federal criminal law arising out of such matters ...

> ... [T]he Independent Counsel, as authorized by 28 U.S.C. § 594, shall have prosecutorial jurisdiction to fully investigate and prosecute the subject matter with respect to which the Attorney General requested the appointment of independent counsel ... and all matters and individuals whose acts may be related to that subject matter ...

§ 603.1.

**4.** The Special Division is a division of the United States Court of Appeals for the District of Columbia which is authorized to appoint independent counsels. It consists of three circuit court judges or justices appointed by the Chief Justice of the

The authority of the Independent Counsel to investigate and prosecute persons other than those designated as "covered" under § 591(b) has been recognized by other courts. *See e.g. United States v. Clarridge,* 811 F.Supp. 697 (D.D.C.1992). Indeed, defendants do not argue that section 591(c) only applies to "covered persons." Thus, that defendants do not fall within the definition of "covered persons" under section 591(b) is irrelevant to the Independent Counsel's authority to investigate and prosecute under section 591(c) matters relating to the subject matter to which the Attorney General has requested the appointment. There is no question that the indictment in this case involves the subject matter of the Attorney General's request.

Susan McDougal argues that section 591(c) does not apply to her because she is not "someone who poses a conflict of interest problem with the Department of Justice." The conflict of interest determination, however, is not for Susan McDougal to make. Rather, the Attorney General's decision to seek the appointment of Independent Counsel is here to make, and is not reviewable in any court. 28 U.S.C. § 592(f).

Defendants further argue that if the basis of the appointment of the independent counsel is the Attorney General's conflict of interest, then her failure to file a notice of recusal, pursuant to 28 U.S.C. § 591(e)(2) is fatal. The Court disagrees.

The specific recusal provision sets forth the standards when the Attorney General must recuse and the procedure for doing so. Thus, recusal is required where the Attorney General has a *personal or financial relationship* with the person being investigated. Here, the Attorney General asserted merely a political conflict of interest, and thus, the requirement of section 591(e)(2) that the determination warranting recusal be in writing is not applicable.

United States to serve for a two-year period. One of the judges must be from the United States Court of Appeals for the District of Columbia and no two judges named may be from the same court. 28 U.S.C. § 49.

In sum, the Court finds that jurisdictional grant to the Independent Counsel was proper and that the Independent Counsel has the authority to prosecute these defendants.

Defendants also argue that the indictment should be dismissed for violating their due process rights and Federal Rule of Criminal Procedure 6(d). That is, they contend that as Judge Woods determined that the Independent Counsel did not have authority to prosecute Tucker in an earlier indictment, the Independent Counsel was without authority to be in the grand jury room presenting evidence in this case.

Rule 6(d) provides that only government attorneys, the witness testifying, a court reporter and interpreter, if necessary, shall be present while the grand jury is in session. The presence of the Independent Counsel as a government attorney is therefore authorized. Defendants' attempt to bootstrap Judge Woods' dismissal of the earlier indictment into a finding that the Independent Counsel was an unauthorized person is without merit.

An indictment may not be dismissed for errors in grand jury proceedings or prosecutorial misconduct unless defendants have demonstrated that they were prejudiced by misconduct. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988). *See United States v. Manthei*, 979 F.2d 124, 126 (8th Cir.1992) (indictment may be dismissed only if prosecutorial misconduct was flagrant and caused substantial prejudice to the defendant). Defendants have not pointed to any misconduct which would rise to the level of "flagrant." Judge Woods' dismissal pertains to the authority of the Independent Counsel to present the matters to the grand jury. Judge Woods did not dismiss the earlier indictment because of some misconduct on the part of the Independent Counsel.

Furthermore, defendants cannot demonstrate any prejudice. Defendants' argument that the present indictment is somehow the fruit of a poisonous tree (that is, the earlier dismissed indictment) is without mer-

it. "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence ..." *United States v. Calandra*, 414 U.S. 338, 344–45, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974). Grand jury proceedings are afforded a strong presumption of regularity, and defendants in this case have not met their burden of overcoming the presumption. *See United States v. Kouba*, 822 F.2d 768, 774 (8th Cir.1987).

Accordingly, the motion to dismiss for lack of jurisdiction (document no. 65) is denied.[5] James McDougal's motion to adopt (document no. 105) is granted.

IT IS SO ORDERED.

---

5. Defendants' request for oral argument on this issue is denied.